511 S.W.2d 347 (1974)
In the Matter of R. E. J.
No. 16321.
Court of Civil Appeals of Texas, Houston (1st Dist.).
April 18, 1974.
Rehearing Denied May 23, 1974.
Second Rehearing Denied June 20, 1974.
*348 Peter D. Williamson, Houston, Ann M. Zimmerer, Pasadena, for appellant.
Carol S. Vance, Dist. Atty., Gerald Mackney, Elizabeth Bridges, Asst. Dist. Attys., Houston, for appellee.
PEDEN, Justice.
This is an appeal from an order finding appellant, a child, to have engaged in the delinquent conduct of burglary and committing him to the Texas Youth Council.
The only evidence linking the appellant to the burglary was an oral confession admitted over his objection.
This suit was filed after Title III of Vernon's Texas Family Code became effective on September 1, 1973, so its provisions for procedure and admission of evidence governed this proceeding.
Appellant's second point of error is that the Juvenile Court erred in admitting testimony of the police officer, John T. Gonzales, concerning appellant's oral confession, in absence of compliance with Section 51.09 of the Family Code, V.T.C.A. Officer Gonzales' testimony was that while the appellant was in custody he was given the "Miranda warning" and was asked if he understood his rights, and that appellant indicated he did. The officer then questioned appellant, without counsel present, concerning the burglary and obtained the oral confession admitted at the trial.
We sustain this point.
Section 51.09 of the Family Code provides:
"Unless a contrary intent clearly appears elsewhere in this title, any right granted to a child by this title or by the constitution or laws of this state or the United States may be waived in proceedings under this title if:
"(1) the waiver is made by the child and the attorney for the child;
"(2) the child and the attorney waiving the right are informed of and understand the right and the right possible consequences of waiving it;
"(3) the waiver is voluntary; and
"(4) the waiver is made in writing or in court proceedings that are recorded."
Section 54.03(e) of the Family Code provided:
". . . An extrajudicial statement which was obtained without fulfilling the requirements of this title or of the constitution of this state or the United States, may not be used in an adjudication hearing."
Both the United States Constitution and the Texas Constitution provide protection *349 from self-incrimination. In the case of In re Gault, 387 U.S. 1, 87 S.Ct. 1428, 18 L. Ed.2d 527 (1967), the U.S. Supreme Court applied the requirements of Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L. Ed.2d 694 (1966), to juveniles. The Miranda warning of the right to counsel, the right to have counsel furnished, the right to remain silent and the warning that anything said may and will be used against the accused are mandatory, both in the state and federal prosecutions.
While the record shows that appellant was informed of his right to counsel and right to remain silent, it also shows that he was not joined by his attorney in waiving his right to remain silent and it shows that the waiver was not made in writing or in a recorded court proceeding.
There is nothing in the record indicating that the state did not fully develop its case. The appellant's oral confession was the only evidence of his involvement in the burglary.
Since that oral confession should have been excluded, we order the trial court's judgment reversed and rendered.

On Motion for Rehearing
In its motion for rehearing the state maintains that the language of Sec. 51.09, "Unless a contrary intent clearly appears elsewhere in this title, any right granted to a child . . . may be waived . . ." means that there may be situations where the child need not be joined by an attorney in writing or in recorded court proceedings in order to waive a right. We do not agree with this interpretation. We hold that the provision in question means that when other sections in the title prohibit waiver, Section 51.09 is not to be considered as permitting it. For example, Section 51.10(b) lists five instances when a child's right to representation by an attorney shall not be waived.
The state also alleges in its motion for rehearing that Sec. 51.09 is not applicable because custodial interrogation is not a "proceeding," citing Kirby v. Illinois, 406 U.S. 682, 92 S.Ct. 1877, 1882, 32 L.Ed.2d 411 (1972). That case holds that there is no right to counsel at a pre-indictment police station lineup because until charges are filed against the accused a judicial criminal proceeding has not started, and the Sixth Amendment protection of right to counsel is "applicable only after the onset of formal prosecutorial proceedings." The state argues that since no charges had been filed against the appellant at the time the confession was obtained, he did not have an absolute right to counsel.
Kirby states the general rule that a criminal judicial proceeding is initiated by the formal bringing of charges against an accused at an arraignment or pre-trial hearing and that the right to counsel guaranteed by the Sixth Amendment is effective only after such adversary judicial proceedings begin. However, it was held in Escobedo v. Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964) and in Miranda v. Arizona, supra, that the Fifth Amendment of the U.S. Constitution protects one's privilege against self-incrimination and makes absolute the right to counsel during all custodial interrogations.
The rationale for providing an attorney at custodial interrogation is found in Miranda:
"The presence of counsel, in all the cases before us today, would be the adequate protective device necessary to make the process of police interrogation conform to the dictates of the privilege. His presence would insure that statements made in the government-established atmosphere are not the product of compulsion.
"It was in this manner that Escobedo explicated another facet of the pre-trial privilege, noted in many of the Court's prior decisions: the protection of rights at trial. That counsel is present when statements are taken from an individual during interrogation obviously enhances *350 the integrity of the fact-finding processes in court. The presence of an attorney, and the warnings delivered to the individual, enable the defendant under otherwise compelling circumstances to tell his story without fear, effectively, and in a way that eliminates the evils in the interrogation process. Without the protection flowing from adequate warning and the rights of counsel, `all the careful safeguards erected around the giving of testimony, whether by an accused or any other witness, would become empty formalities in a procedure where the most compelling possible evidence of guilt, a confession, would have already been obtained at the unsupervised pleasure of the police." 86 S.Ct. at 1623-1624.
The right to counsel during custodial interrogation is not granted by the Sixth Amendment, but by the Fifth Amendment; in our case the defendant's right to have excluded an oral confession obtained during custodial interrogation is not a right protected by the Sixth Amendment right to counsel but is a right protected by the Fifth Amendment guarantee of the privilege against self-incrimination and the safeguard of the presence of counsel adopted by Escobedo and Miranda.
Miranda further holds that the states are free to develop their own safeguards as long as their standards meet those expressed in Miranda; Texas has done this for juveniles in Sec. 51.09.
We are not concerned with a criminal judicial proceeding, but with a juvenile proceeding governed by Title III of the Family Code and supplemented by the Constitutions of this state and the United States. Title III does not limit "proceedings" to those conducted after formal accusations have been made but provides for Proceedings Before and Including Referral to Juvenile Court (Chapter 52) and Proceedings Prior to Judicial Proceedings (Chapter 53). Therefore the "proceedings under this title . . ." to which Section 51.09 applies encompass more than the criminal judicial proceeding discussed in Kirby, and are not confined to the criminal standards.
In re Gault, supra, discusses the greater need for this protection in cases involving juveniles because of their immaturity and susceptibility to fears and fantasies.
"The juvenile needs the assistance of counsel to cope with problems of law, to make skilled inquiry into the facts, to insist upon regularity of the proceedings, and to ascertain whether he has a defense and to prepare and submit it. The child `requires the guiding hand of counsel at every step in the proceeding against him.'" 87 S.Ct. at 1448.
Title III of the Family Code enacts this concept of Gault. It determines and protects the best interests of the child. Section 51.09 is one of the procedural safeguards enacted to effect this goal.
The motion for rehearing is overruled.