511 S.W.2d 370 (1974)
In the Matter of F. G.
No. 8470.
Court of Civil Appeals of Texas, Amarillo.
June 24, 1974.
Nelson, McCleskey, Harriger & Brazill, Jerry M. Kolander, Jr., Ernest R. Finney, Jr., Lubbock, for appellant.
Alton R. Griffin, Dist. Atty. (Mary Anne Wiley, Asst. Dist. Atty.), Lubbock, for appellee.
ELLIS, Chief Justice.
In this juvenile proceeding, the appellant, a child who had been adjudged a delinquent child, brings an appeal from the trial court's order modifying the previous disposition order which had placed the child on a suspended commitment status. By reason of the court's finding of violation of the conditions of such suspension, *371 the court modified the disposition order and committed the child to the custody of the Texas Youth Council. Reversed and remanded.
The child had been placed on suspended commitment on February 28, 1973, after being adjudged a delinquent child. This probationary status continued until January 13, 1974, when the child was arrested and charged with carrying a prohibited weapon in violation of V.T.C.A., Penal Code, Section 46.02. After arrest, the child was placed in the juvenile ward of the Lubbock County jail to await further disposition of the case. While in custody the appellant child signed a statement on January 15, 1974, admitting the commission of the act of carrying the prohibited weapon in question while riding in an automobile. The statement was made to and witnessed by two juvenile probation officers without the aid or presence of counsel on behalf of the appellant prior to or during the interview. The probation officers testified that they informed the child of the right to counsel prior to the signing of the statement and gave the child the standard "Miranda warning." Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).
The Lubbock County Criminal District Attorney's office filed an application to Modify the Disposition of the appellant child and sought to have the probation revoked. The Assistant Criminal District Attorney recommended that the child be committed to the custody of the Texas Youth Council upon a finding that the child had violated Article 46.02 of the Texas Penal Code which prohibited the carrying of a prohibited weapon, thereby committing an offense against the State of Texas in violation of a condition of the probation, or suspended disposition, granted under the order of February 28, 1973.
During the course of the hearing, the State's attorney offered the testimony of the arresting officer, a pistol and the signed statement of the appellant child. Upon the offering of the statement into evidence, the appellant child objected to the admission of the statement on the grounds that the statement was signed by the appellant without the advise of counsel. The appellant child contended in support of the objection to the admission of such statement that Article 51.09 of the Texas Family Code does not permit the waiver of any rights granted the juvenile by the Family Code or the Constitution of the United States unless his attorney is present or consents. The statement was admitted after the trial court found that the statement was voluntary and met the requirements of the United States Constitution, and that under Section 54.03(e) of the Texas Family Code, the admission of the extra-judicial statements of the child was permitted if the requirements of the United States Constitution were met; and that the additional requirements of Section 51.09 with respect to the presence and concurrence of the child's attorney in connection with this waiver of the child's rights were not necessary.
Based upon the child's signed statement, and the testimony of the arresting officer, along with the introduction of the pistol, the appellant child was found to have violated Section 46.02, Penal Code, by unlawfully carrying a prohibited weapon. As a result of this findings, the appellant child was ordered to be removed from a probationary status and committed to the custody of the Texas Youth Council. The appellant child brings this appeal from such order on three points of error.
In appellant's first point of error, it is contended that the trial court erred in admitting the child's signed statement into evidence because the statement was taken in violation of Section 51.09 of the Family Code. In the second point, appellant child contends that there was no admissible evidence to support any finding that the child was guilty of carrying a prohibited weapon. In the third point, the appellant contends there was insufficient admissible evidence to support any finding that the child *372 was guilty of carrying a prohibited weapon. We sustain the appellant child's first and third points.
Section 51.09 of Title 3 of Vernon's Texas Codes Annotated, Family Code,[1] dealing with the subject of "Waiver of Rights," contains the following provisions:
"Unless a contrary intent clearly appears elsewhere in this title, any right granted to a child by this title or by the constitution or laws of this state or the United States may be waived in proceedings under this title if:
"(1) the waiver is made by the child and the attorney for the child;
"(2) the child and the attorney waiving the right are informed of and understand the right and the possible consequences of waiving it;
"(3) the waiver is voluntary; and
"(4) the waiver is made in writing or in court proceedings that are recorded."
Section 51.10 deals with the child's "Right to Assistance of Attorney." Section 51.10(a) provides that a child is granted the right to an attorney "at every stage of proceedings under this title," including among eight situations specifically listed:
"(5) the hearing to modify disposition required by Section 54.05 of this code."
Section 51.10(b) sets out five instances in which a child's right to an attorney shall not be waived, providing specifically that the child's right to representation by an attorney shall not be waived in:
"(4) a hearing prior to commitment to the Texas Youth Council as a modified disposition in accordance with Section 54.05(f) of this code."
Under Section 51.09, supra, in the absence of a contrary intent appearing elsewhere in this title, any right granted to a child "by this title or by the constitution or laws of this state or the United States may be waived in proceedings under this title if . . . the waiver is made by the child and the attorney for the child." We find no contrary intent expressed in those portions above quoted, or elsewhere in Title 3, which pertain to a child's rights to an attorney, and the specific prohibitions against waiver of an attorney in juvenile proceedings of the character involved in the instant case. Thus, it is our opinion that waiver of an attorney at any stage of the juvenile proceedings here involved is not permitted under Title 3. Further, under the holdings of Escobedo v. Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L. Ed.2d 977 (1964) and in Miranda v. Arizona, supra, the Fifth Amendment of the United States Constitution protects one's privilege against self incrimination and guarantees the safeguard of the right to the presence of counsel during all custodial interrogations.
In Miranda, the court specifically pointed out the significance of the presence of counsel when statements are taken from an individual during custodial interrogation in relation to safeguarding the privilege against self incrimination. Also, the case of In re Gault, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527, applied the requirements of Miranda to juveniles. In Gault, the court significantly stated: "The child `requires the guiding hand of counsel at every step in the proceedings against him.'" Thus, in the Gault decision, it is definitely manifested that the child must be given the utmost in protection because of the lack of maturity and experience. Further, the states may adopt their own safeguards so long as they meet those set out in Miranda. These additional safeguards and protections in behalf of juveniles appear to have been provided by Section 51.09. It is here noted *373 that Section 51.01 dealing with "Purpose and Interpretation," provides:
"This title shall be construed to effectuate the following public purposes:"
* * * * * *
"(5) to provide a simple judicial procedure through which the provisions of this title are executed and enforced and in which the parties are assumed a fair hearing and their constitutional and other legal rights recognized and enforced."
The juvenile proceedings here involved are governed by Title 3 of the Family Code, and, as above set out, encompass all applicable constitutional guarantees and protections. Further, it is observed that the proceedings under Title 3, to which Section 51.09 applies, embrace a broad scope of coverage, including "Proceedings Before and Including Referral to Juvenile Court," set out in Chapter 52, and "Proceedings Prior to Judicial Proceedings," as provided in Chapter 53. See the opinion in which motion for rehearing was overruled, filed May 23, 1974, In the Matter of R.E. J., 511 S.W.2d 347 (Tex.Civ.App.Houston [1st Dist.]).
It is observed that this title does not purport to set out specifically each and every right and procedure to which a child is entitled, for in addition to the rights "granted to a child by this title," full recognition is accorded to rights granted "by the constitution or laws of this state or the United States." We note that under this title, Section 54.03(e), "a child . . . need not be a witness against nor otherwise incriminate himself." It is well established that protection against self-incrimination is provided by the Texas and United States Constitutions. Section 54.03(e) further provides that "an extra-judicial statement which was obtained without fulfilling the requirements of this title or of the constitution of this state or of the United States, may not be used in an adjudication hearing." In the absence of manifestation of a contrary intent elsewhere in this title, Section 51.09(1) effectively prohibits waiver of any right whether granted to a child under this title or by the State or U.S. Constitutions, unless the waiver has the concurrence of the child's attorney. Thus, a child is accorded the protection of the basic constitutional rights, such as protection against self-incrimination, and the legislature has not only recognized but has augmented such basic protection for juveniles by specific provisions of Section 51.09(1).
From a consideration of the expressed purposes and intentions of the legislation with respect to the protection and enforcement of the juvenile's fundamental rights, it is our opinion that Title 3 of the Family Code gives full recognition to the constitutional safeguards such as those articulated in Escobedo, Miranda and Gault, and that Section 51.09 operates as a procedural safeguard to effectuate the expressed public policy of this state in affording the fullest protection to a juvenile of all his fundamental rights. In view of this interpretation of Title 3, which we believe to be consistent with the purposes and intention of the legislature as expressed in Section 51.01 whereby judicial procedures are to be provided through which the parties "are assured a fair hearing and their constitutional and other legal rights recognized and enforced," we hold that "an extra-judicial statement which was obtained without fulfilling the requirements of this title or of the constitution of his state or the United States, may not be used" against the juvenile (Section 54.03(e)), should be construed as requiring compliance with both the constitutional requirements as well as the statutory requirements of Section 51.09. It has been held that in construing statutes, when the clear legislative intent justifies it, the words "or" and "and" may be convertible, and thus the word "or" may be properly construed as "and." See Ross v. Terrell, 99 Tex. 502, 90 S.W. 1093, (1906); Peacock v. Lubbock Compress Co., 252 F.2d 892 (5th Circuit 1958).
*374 Accordingly, we hold that the privilege against self-incrimination may be waived by a juvenile only with concurrence of his attorney. In the instant case, we hold that the written statement given by the juvenile without such concurrence is inadmissible as evidence against him. There was other evidence, in addition to the statement, introduced in this case. The arresting officer testified that the gun was located under the right front seat; that the juvenile here involved was a passenger in the right front seat of the automobile; and that he could have reached the gun from his location in the vehicle. The gun introduced in evidence was described as being a hand gun, and identified as being the gun found under the front seat of the automobile. The child's father testified that he had a hand gun in his home and that the hand gun identified and offered in evidence is not the gun he owned. The father further stated that the hand gun he owned was not in his possession, that he could not find it and that he did not know how long the hand gun had been gone. An employee of the Lubbock County Juvenile Office testified he was the person who received the statement from the child and that he gave the Miranda warning in full, and that after talking with the child he did not do any follow-up investigation regarding the offense alleged in the petition.
In view of the foregoing, without the inadmissible statement, the remaining evidence, although presenting some evidence of circumstances relating to the child's possible connection with the offense, is in our opinion not sufficient to support the trial court's finding that the juvenile had violated the penal code provision in question. Accordingly, the judgment of the trial court is reversed and the case is remanded to the district court for a new trial.
REYNOLDS, Justice (concurring).
I concur. Additionally, I submit these remarks in connection with the determination that the written incriminatory statement made by the child F.G., absent the concurrence of the attorney for him in the waiver of the child's right to remain silent, may not be used against the child.
The legislature's plenary revision of the existent statutes applicable to delinquent children culminated in the 1973 enactment of Title 3 of the Family Code to govern the general subject of children answerable to the jurisdiction of the juvenile court. Among the stated legislative purposes is one assuring a fair hearing in which the "constitutional and other legal rights" of the parties are "recognized and enforced." V.T.C.A. Family Code, § 51.01. Thus, from the outset, not only the tone, but the very language of the Code is that the basic constitutional rights are assured as well as other legal rights that the Code will proclaim for the protection of the child. Consistent therewith, the sequent Code provisions obviously are drafted with respectful regard for the constitutional guarantees, whether delineated therein or not, while at the same time proclaiming other legal rights for the child.
Manifesting awareness of the In re Gault, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed. 2d 527 (1967), pronouncement that the constitutional right to remain silent, and thereby resist compulsory self-incrimination, is available to a child in a proceeding to determine if the child has engaged in delinquent conduct, the legislature inserted that right in § 54.03(e) with the initial declaration that such child "need not be a witness against nor otherwise incriminate himself." Equally aware that a constitutional right or any other legal right granted may be waived, the legislature specified in § 51.09 that "unless a contrary intent clearly appears elsewhere in this title, any right granted to a child by this title or by the constitution or laws of this state or the United States may be waived" only under certain conditions. One of those conditions, undoubtedly incorporated in recognition of the admonition in Haley v. Ohio, *375 332 U.S. 596, 68 S.Ct. 302, 92 L.Ed. 224 (1948), that admissions and confessions made by a child require careful inquiry and special caution, is that any such right may be waived only "if . . . made by the child and the attorney for the child." § 51.09(1). This condition constitutes the proclamation of one of the "other legal rights" granted the child by the Code in addition to the assured constitutional rights.
It is conceded that, except for the § 51.09(1) provision for the attorney's concurrence with the child to waive any right, the written incriminatory statement was made after the child validly waived his constitutional right to remain silent. The state contends that the § 51.09(1) provision is merely directory and that the written statement is controlled by and admissible under the second sentence of § 54.03(e), which is the only provision speaking directly to extrajudicial statements. That sentence states that "An extrajudicial statement which was obtained without fulfilling the requirements of this title or of the constitution of this state or the United States, may not be used in an adjudication hearing."
The state's contention is premised, in effect, on the assumption that the sentence is a positive assertion that a statement is admissible if it fulfills the requirements of either Title 3, or the state or the Federal constitution. To the contrary, the language employed in the sentence expresses the concept of admissibility from the negative view point; that is, a statement is not admissible if it fails to meet the requirements of either the Code, or the state or Federal constitution. Admittedly, F.G.'s written statement did not meet the unwaived requirements of § 51.09(1) of the Code; and an intent that the requirements do not apply to an extrajudicial statement does not clearly appear in any other section of the Code. Therefore, F.G.'s written statement was inadmissible for lack of the attorney's concurrence in the waiver of the child's right to remain silent.
NOTES
[1] Statutory references are to sections and subdivisions of Title 3 of V.T.C.A., Family Code, effective on September 1, 1973, unless otherwise indicated.