514 S.W.2d 948 (1974)
In the Matter of S. E. B., Appellant.
No. 6391.
Court of Civil Appeals of Texas, El Paso.
September 11, 1974.
*949 Tryon D. Lewis, Odessa, for appellant.
Bill McCoy, County Atty., Ernie B. Armstrong, Cliff Hardwick, Asst. County Attys., Odessa, for appellee.

OPINION
OSBORN, Justice.
This is an appeal from a judgment finding a minor engaged in delinquent conduct within the meaning of Title 3 of the Texas Family Code, V.T.C.A., and placing the child on probation while permitting him to remain in the custody of his parents. We reverse and remand for a new trial because of the erroneous admission into evidence of a written statement from the minor.
On January 11, 1974, an Ector County juvenile probation officer went to Odessa High School to check on a report that probationers were skipping activity period. There he observed a probationer who he had reasonable grounds to believe was violating the rules of probation. The officer motioned for the car to remain stopped where it was so he could talk to this probationer. Since the driver's door was crushed shut by a previous accident, the officer opened the right front passenger door of the car so that the probationer could get out. Upon opening the door, the officer smelled a strong odor of marijuana coming from the car and saw the Appellant, who was seated in the front right passenger seat, make a quick gesture toward the floorboard of the car. The officer grabbed the Appellant's right arm and jerked it back and at the same time reached into the floorboard and found a small red pipe, containing what subsequent chemical test showed to be burned marijuana residue.
The Appellant was taken into custody and along with the other occupants of the car was taken to the juvenile probation offices. His mother was called and when she arrived at the office she met with her son. After being advised of his constitutional rights, Appellant's mother signed a consent and waiver for an officer to take a statement from her son. The officer advised the Appellant of his rights and he signed a statement. Both the Appellant and his mother were advised of the Appellant's right to an attorney and they both voluntarily waived this right before any statement was taken from the Appellant.
Subsequently, an attorney was appointed to represent the Appellant and he filed a motion to suppress both the statement of the Appellant and the evidence obtained in the search of the automobile by the juvenile probation officer. The motion to suppress being overruled, objections were made at time of trial when the evidence was offered against the Appellant. The Appellant first contends that the trial Court erred in admitting into evidence the pipe and connecting testimony of the probation officer because they were the result of an unlawful search and seizure. It is contended that the juvenile officer had no authority to make an arrest and could not lawfully take Appellant into custody under Section 52.01(a) of the Family Code when he had not previously been on probation *950 and was not under any order of a juvenile court. Certainly subdivisions (1) and (4) of Section 52.01(a) are not applicable. Appellant further contends that a probation officer could not arrest him under Section 52.01(a), subdivisions (2) or (3), because a probation officer is not a law-enforcement officer, nor a peace officer who can make an arrest without a warrant under either the Family Code or Article 14.01, Vernon's Tex.Code Crim.Proc. Ann. Under Section 51.02(8) of the Family Code, a "Law-enforcement officer" means a peace officer as defined by Article 2.12, Tex.Code Crim.Proc.Ann. That provision of the Code of Criminal Procedure does not list a juvenile probation officer as a peace officer.
But Article 5142, Vernon's Tex. Rev.Civ.Stat.Ann., which provides for the appointment of juvenile officers, clearly provides that they "shall be vested with all the power and authority of police officers or sheriffs incident to their offices." By reason of such statutory authority, they have the right of a police officer or sheriff under Article 14.01, Tex.Code Crim. Proc.Ann., to make an arrest without a warrant for any offense committed in their presence or within their view.
When the probation officer opened the door on the car in which Appellant was sitting, he detected an odor of marijuana and immediately noticed Appellant make a quick gesture toward the floorboard as though he was hiding something. His search revealed the hot pipe which contained the burned marijuana residue. The mere movement of Appellant's hand to the floorboard, standing alone, would not be sufficient to establish probable cause for a warrantless search of the vehicle. Wilson v. State, 511 S.W.2d 531 (Tex.Cr.App.1974). But having previously observed the smell of burning marijuana, the officer did have reasonable cause to search and see if in fact the Appellant was attempting to hide incriminating evidence under the seat of the car. Leonard v. State, 496 S.W.2d 576 (Tex.Cr.App.1973).
We conclude that the arrest and search were lawful and the evidence thus obtained was admissible at the juvenile court hearing. The Appellant's first point is overruled.
The second point complains of the trial Court's ruling which admitted Appellant's written statement into evidence. He contends the statement was taken in violation of his rights under Section 51.09 and therefore inadmissible under Section 54.03 of the Family Code. The constitutional privilege against self-incrimination is incorporated into Section 54.03(b)(3). The Legislature provided in Section 51.09(1) and (2) that any right granted to a child by this Code or by the Constitution or laws of the State or the United States can only be waived if the waiver is made by the child and the attorney for the child after having been informed of the right and the consequences of such waiver.
Prior to the enactment of the Family Code, a minor could waive his right to counsel before making an extra-judicial statement. Garza v. State, 469 S. W.2d 169 (Tex.Cr.App.1971). Since the trial of the case before this Court, two Courts of Civil Appeals have passed upon the issue raised by Appellant's second point of error. In both of those cases, the Courts concluded that the Legislature obviously provided a safeguard for minors, including an absolute right to an attorney during custodial interrogations, unless with an attorney the child waives that right in accordance with the terms of the statute. In the Matter of R. E. J., 511 S.W.2d 347 (Tex.Civ.App. Houston (1st Dist.) 1974); In the Matter of F. G., 511 S.W.2d 370 (Tex.Civ.App. Amarillo 1974). For the reasons set forth in those two opinions, we sustain the Appellant's second point of error.
While it perhaps sounds ridiculous to say that one must have an attorney in order to waive the right to an attorney, it must be remembered that the Legislature was taking every precaution to protect the rights *951 of minors from those who might unintentionally or perhaps in some cases intentionally take advantage of one who is young, inexperienced and perhaps unable to exercise his constitutional rights until he finds it is too late to have those rights protected.
Although there is some evidence to support the trial Court's judgment, even without the statement, we cannot conclude that the trial Court would have found beyond a reasonable doubt that the Appellant engaged in delinquent conduct, if the statement had not been before the Court as evidence. Therefore we reverse and remand the case for a new trial.