Honorable John H. Morris Fannin County Attorney Bonham, Texas 75418
Re: Whether a juvenile probation officer is a peace officer.
Dear Mr. Morris:
You have requested our opinion concerning whether a juvenile probation officer who is also an adult probation officer is a peace officer. Article 5139L, section 2A, V.T.C.S., authorizes the Fannin County Juvenile Board to `appoint a juvenile officer who shall have the powers and duties prescribed by Article 5142.'
Article 5142, V.T.C.S., provides that juvenile officers `shall be vested with all the power and authority of police officers or sheriffs incident to their offices.' Thus in In re S.E.B.,514 S.W.2d 948 (Tex.Civ.App.-El Paso 1974, no writ), the court held that a juvenile probation officer had the right of a police officer to make arrests pursuant to article 14.01
of the Code of Criminal Procedure. See also Attorney General Opinion O-7332 (1946). Accordingly, in our opinion a juvenile officer whose powers and duties are governed by article 5142 has the power and authority of a peace officer. See Code Crim. Proc. art. 2.12; Attorney General Opinion H-522 (1975). We do not believe he would lose the powers of a peace officer merely because he is also an adult probation officer. See Attorney General Opinions H-549 (1975); H-167 (1973).
The juvenile officer need not be certified pursuant to article 4413(29aa), which was amended in 1975 to apply only to persons designated as peace officers by article 2.12 of the Code of Criminal Procedure and section 51.212 of the Education Code. V.T.C.S. art. 4413 (29aa), § 6(h); House Bill 1202, Acts 1975, 64th Leg., ch. 547.
 SUMMARY
A juvenile officer whose powers and duties are governed by article 5142 has the authority of a peace officer.
Very truly yours,
John L. Hill Attorney General of Texas
APPROVED:
David M. Kendall First Assistant
C. Robert Heath Chairman Opinion Committee