v.

**The STATE of Texas, Appellee.**

**No. 18082.**

Court of Appeals of Texas, Houston (1st Dist.).

Feb. 18, 1982.

Frank V. Panzica, Cole, Panzica & Vestel, Inc., Houston, for appellant.

Larry Hays, Asst. County Atty., Houston, for appellee.

Before SMITH, BASS and DYESS, JJ.

SMITH, Justice.

This is an appeal from an order of certification and transfer of a minor, to stand trial on a murder charge, as an adult in the District Court.

On April 15, 1979, the family court certified the minor appellant to stand trial as an adult and transferred his case to the appropriate criminal court. Subsequently, it was agreed by counsel for appellant and counsel for the State that the case should be remanded to the same family court in order to perfect personal service on the appellant's natural mother. On October 18, 1979, the family court ruled, once again, that the

appellant should be certified and tried as an adult, and signed a transfer order. The appellant appealed this judgment to the First Court of Appeals, which held, "The transfer order of October 18, 1979, is reversed and this cause is remanded to the family district court of Harris County for a jury hearing on the issue of whether V.C.H. is at present fit to proceed to trial, and if so, for a new transfer hearing." *Matter of V. C. H.,* 605 S.W.2d 643 (Tex.Civ.App.— Houston [1st Dist.] 1980).

At the third hearing on March 11, 1981, the family court certified the appellant for trial as an adult and signed a transfer order, which the appellant again appeals. The appellant first contends that the trial court failed to comply with Sec. 51.09 of the Tex.Fam.Code Ann. (Supp.1981), in that the child did not make a waiver and was not informed of, and understood the right and the possible consequences of making a waiver. Sec. 51.09 states in pertinent part as follows:

Sec. 51.09. Waiver of Rights

(a) Unless a contrary intent clearly appears elsewhere in this title, any right granted to a child by this title or by the constitution or laws of this state or the United States may be waived in proceedings under this title if:

(1) the waiver is made by the child and the attorney for the child;

(2) the child and the attorney waiving the right are informed of and understand the right and the possible consequences of waiving it;

(3) the waiver is voluntary; and

(4) the waiver is made in writing or in court proceedings that are recorded.

This court on the first appeal held that a jury hearing was to be held on the issue of whether the appellant was fit to proceed to trial. On remand, the appellant's counsel announced that since the board certified psychiatrist's report reflected that the appellant was competent to stand trial, and since the appellant's counsel was unable to present any evidence as to the appellant's incompetency to stand trial, then the appellant would waive his right to a jury trial

"on the issue of his present competency to stand trial as mandated by the Court of Civil Appeals." The appellant's counsel stated that he did not stipulate the appellant was competent, but was merely waiving his right to a jury trial. The court and the prosecutor then stated:

THE COURT: Does the State have any objection to that announcement of waiver?

MR. HAGGARD: No, Your Honor. We have no objection to it.

THE COURT: Are you in accord with the Respondant's counsel of the jury trial mandate?

MR. HAGGARD: Not only based upon Dr. Megdal's opinion but the opinions which will be part of the record on the certification investigation report, the doctors from Harris County Hospital say that he is presently competent to stand trial and we have no issue before the Court at this time, is my understanding.

THE COURT: All right. In compliance with the Civil Appeal mandate to a jury hearing on the issue of fitness to proceed to trial, this Court is accepting the waiver by Respondent's counsel, joined in by the State that this is no issue and that such jury hearing not only is being waived but it is not requested and is not needed in accord with the evidence presented to the Court by the psychiatrist's examination of the Respondent.

MR. HAGGARD: And I would further ask the Court to find that the issue of competency at this time has become moot and is not an issue now for the Court at this time.

THE COURT: Whether the issue has become moot or not, the Court is taking judicial notice of the documents filed with this Court which serves to augment the finding of fitness to proceed at this time. Otherwise, we could not proceed with this hearing.

The Court must take note of that evidence and the waiver by Respondent's counsel who so kindly announced the

waiver into the record. With that out of the way, if there are no further objections to the issue of the jury trial, the court is so ruling it is moot and not necessary to proceed with a jury trial.

MR. HAGGARD: We're not asking for a jury trial and I don't believe the defense is asking for a jury trial.

THE COURT: With that ruling being moot, this court declares that the Respondent is fit to proceed to trial; therefore, opening this hearing up for a new transfer hearing further in compliance with the Civil Appeals Court's mandate.

The appellant contends this waiver was invalid for the reason that the trial court failed to admonish the juvenile as to the right being waived and the possible consequences of the waiver, as required by Sec. 51.09 of the Family Code pertaining to delinquent children. The State responds that the court did not refrain from having a jury trial on fitness based on waiver, but that the court's action was based on the fact that there was no issue of fitness because the reports filed in the court, including one of the reports filed by appellant's expert witness, all stated that the appellant was competent. The State further asserts that there was no existing evidence that the appellant was unfit to proceed, and the order of this court did not create a right to have a jury trial on fitness when no such issue existed.

Sec. 55.04(c) of the Family Code, speaking to a minor's fitness to proceed, states:

(a) No child who as a result of mental disease or defect lacks capacity to understand the proceedings in juvenile court or to assist in his own defense shall be subjected to discretionary transfer to criminal court, adjudication, disposition, or modification of disposition as long as such incapacity endures.

(b) If it appears to the juvenile court, on suggestion of a party or on the court's own notice, that a child alleged or found to have engaged in delinquent conduct indicating a need for supervision may be unfit to proceed, the court shall order appropriate medical and psychiatric inquiry to assist in determining whether the child is unfit to proceed because of mental disease or defect.

(c) The court or jury shall determine from the psychiatric and other evidence at a hearing separate from, but conducted in accordance with the requirements for, the adjudication hearing whether the child is fit or unfit to proceed.

In this case the record is void of any evidence to show that the child was informed of the waiving of the jury, that the child joined in the waiver, or that the child was informed and understood the right and possible consequences of his waiving a jury trial. The trial court did not intervene in the proceedings to interrogate the child as to his understanding of his rights and the possible consequences of waiver, nor did the trial court inform the child of his rights.

The provisions of Sec. 51.09 have been held to be mandatory. *In Re K. W. S.*, 521 S.W.2d 890 (Tex.Civ.App.—Beaumont 1975, no writ); *In Re R. E. J.*, 511 S.W.2d 347 (Tex.Civ.App.—Houston [1st Dist.] 1974, no writ); *In Re F. G.*, 511 S.W.2d 370 (Tex.Civ. App.—Amarillo 1974, no writ). As the record is silent as to a waiver by the child, a waiver may not be presumed. *Boykin v. Alabama*, 395 U.S. 238, 242, 89 S.Ct. 1709, 1711, 23 L.Ed. 274, 279 (1969).

The appellant's other points of error do not reveal the presence of any allegation which would require a rendition of the judgment or a dismissal of the cause following the reversal which we order. As the child did not waive his rights as required by Sec. 51.09 of the Texas Family Code Ann., the judgment is reversed and the cause is remanded for further proceedings in accordance with the holdings herein expressed.