

# The Attorney General of Texas

July 8, 1982

**MARK WHITE**
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

1607 Main St., Suite 1400
Dallas, TX. 75201-4709
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002-6986
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Jerry Shackelford
Chairman
Texas Juvenile Probation Commission
309 Potter County Courthouse
Amarillo, Texas   79101

Opinion No. MW-491

Re:  Whether Deaf Smith County may continue to employ a juvenile peace officer

Dear Judge Shackelford:

You recently requested an interpretation of House Bill No. 1704, which became effective on September 1, 1981 and is codified as Human Resources Code sections 75.001, _et seq._

You ask:

> 1.   Does section 75.042(f) repeal the authority of the Deaf Smith County Juvenile Board to employ a juvenile peace officer under articles 5139DDD and 5142, V.T.C.S.?

> 2.   If such authority does remain in effect, is the Deaf Smith County Juvenile Board in compliance with House Bill No. 1704, by combining both of the titles as equal positions, under the same office, including the sharing of files, budget, etc.?  If not, do the statutes require separate and distinct offices under the juvenile board?

In order to answer your questions, it is necessary to analyze the statutes to determine what each authorized.  We will also discuss the custom and practice with respect to allocating duties between juvenile officers which counties have followed.

Article 5142, V.T.C.S., was enacted in 1919, and originally provided for the appointment of "probation officers."  It was amended in 1927 to apply to "juvenile officers."  The duties of these officers were enumerated in article 5142:

> Such officers shall have authority and it shall be their duty to make investigations of all cases referred to them as such by such Board; to be

> present in court and to represent the interest of the juvenile when the case is heard, and to furnish to the court and such Board any information and assistance as such Board may require, and to take charge of any child before and after the trial and to perform such other services for the child as may be required by the court or said Board, <u>and such juvenile officers shall be vested with all the power and authority of police officers or sheriffs incident to their offices.</u>  (Emphasis added).

Article 5142 has not been expressly repealed.  A juvenile officer with the powers enumerated in this provision has the authority of a peace officer.  Attorney General Opinion H-1157 (1978).

The duties of the juvenile officer along with his title indicate that juvenile officers would have the responsibilities of both a peace officer and of a child's advocate.  See, e.g., In re S.E.B., 514 S.W.2d 948 (Tex. Civ. App. - El Paso 1974, no writ) (a juvenile officer may make arrest without a warrant for any offense committed within his presence or view); Attorney General Opinion O-7332 (1946) (a juvenile officer has the legal right to carry a gun in the discharge of official duty).  Both responsibilities were to lie in one person, as shown by the provision in article 5142 for one juvenile officer in counties under 80,000 persons.  Attorney General Opinion O-2997 (1941).

Article 5139DDD, enacted in 1971, authorized the establishment of a juvenile board in the county of Deaf Smith, and permitted the appointment of a juvenile officer or officers.  Section 3 of that article gave the county board the final determination of the qualifications for the position of juvenile officer.  All the powers and duties described in article 5142 were expressly given to Deaf Smith juvenile officers.  The legislature has not expressly repealed this statute.

You have forwarded to us information indicating that a juvenile officer was hired subsequent to the passage of article 5139DDD, and that in 1979, the juvenile board divided that office into two positions:  juvenile peace officer and juvenile probation officer.  The juvenile peace officer is commissioned through the sheriff's department.  It appears, however, from our examination of articles 5139DDD and 5142, V.T.C.S., that juvenile officers in both positions would have the powers of peace officers, even though the board assigned them different responsibilities for administrative reasons.

You also sent us excerpts from the 1978 Texas Juvenile Probation Manual, which highlight the dichotomy which has arisen due to the use of the title "juvenile officer." It states in pertinent part:

> The usage of the term 'juvenile officer' is misleading. It is often used in reference to a police officer or deputy sheriff who works primarily with cases involving juveniles. Many Texas counties use the term to denote the officer who performs probation services for the Juvenile Court. The Texas statutes use the terms 'probation officer' and 'juvenile officer' interchangeably. Juvenile 'police' officers -- derive their authority from their commissions as peace officers. Their responsibilities and power are exactly the same as for any peace officer, and it is only by departmental policy that they are assigned to juvenile cases. Juvenile 'probation' officers -- are juvenile court workers. Their work usually begins at the time of referral by the police officer, although in many communities their work overlaps that of the police officer. The bulk of their work lies in social investigations and social casework with the juvenile offender and his family. Their authority stems from a series of 'bracket laws,' the first of which was enacted in 1919. Prior to 1919, juvenile probation officers were provided for permissively. The Texas Juvenile Court Act of 1907 provided that a delinquent child could be committed to the custody of a probation officer or any proper person. Probation officers were required to be 'discreet persons of good moral character,' and they were to serve without compensation. (Footnote omitted).

The manual also states that there is little uniformity among the provisions for juvenile boards, and that many counties have designed programs based upon social need rather than upon legislative authority.

In 1981, the legislature created the Texas Juvenile Probation Commission and stated that:

> The purposes of this chapter are to make probation services available throughout the state for juveniles, to improve the effectiveness of probation services, to provide alternatives to the commitment of juveniles by providing financial aid to juvenile boards for the establishment and

> improvement of probation services, <u>to establish uniform probation administration standards</u>, and to improve communications between state and local entities within the juvenile justice system. (Emphasis added).

Section 75.001, Human Resources Code.

Section 75.041 provides that the commission shall establish educational, training, and certification standards for juvenile probation officers. Section 75.042 establishes minimum standards for juvenile probation officers. It states in pertinent part:

> Sec. 75.042.  Minimum Standards
>
> To be eligible for appointment as a probation officer, a person who is not employed as a juvenile probation officer on September 1, 1981, must:
>
> (1)    be of good moral character;
>
> (2)    have acquired a bachelor's degree conferred by a college or university accredited by an accrediting organization recognized by the Coordinating Board, Texas College and University System;
>
> (3)    have either:
>
> > (A)    one year of graduate study in criminology, corrections, counseling, law, social work, psychology, sociology, or other field of instruction approved by the commission; or
> >
> > (B)    one year of experience in full-time case work, counseling, community or group work in a social service, community, corrections, or juvenile agency that deals with offenders or disadvantaged persons and that is determined by the commission to provide the kind of experience needed to meet this requirement; and
>
> (4)    have satisfactorily completed the course of preservice training or instruction, have passed the tests or examinations, and

> possess the level of certification as the commission may prescribe.
>
> (d)   The commission may make rules [for waiver of graduate study or employment experience].
>
> (e)   [Requirements to be eligible for employment supervising probation officers].
>
> (f)   <u>A peace officer, a prosecuting attorney, and any other person who is employed by or who reports directly to a law enforcement or prosecution official may not act as a probation officer or be made responsible for supervision of a juvenile on probation.  A probation officer may not carry a firearm in the course of his official duties.</u>   (Emphasis added).

Articles 75.041 and 75.042 may be harmonized with article 5139DDD, which gives the Deaf Smith County Juvenile Board the right to final determination of the qualifications of juvenile probation officers.  The board's discretion to make final determinations is limited, however, by the standards enumerated in section 75.042 or promulgated by the commission.  The board's requirements as to qualifications may not fall below those stated in article 72.042 or promulgated pursuant to article 72.041.  There is no implied repeal of article 5139DDD since section 75.042 does not deal with the establishment of juvenile boards and does not remove appointment authority from the board.  The legislature has given a more precise standard for juvenile probation officers, however, and the new statute should be read to harmonize with the old.  <u>State v. Jackson</u>, 370 S.W.2d 797, 800 (Tex. Civ. App. - Houston 1963), <u>aff'd</u> 376 S.W.2d 341 (Tex. 1964).

Section 75.042(f) supercedes Attorney General Opinion O-7332 (1946), which held that a juvenile probation officer may carry a firearm.  In comparing section 75.042(f) to article 5142, it is important to note that article 5142 provided only that "such juvenile officers shall be vested with all the power and authority of police officers or sheriffs incident to their offices."  Section 75.042(f) prohibits the employment of peace officers, but does not revoke the power vested in juvenile probation officers, except the authority to carry a firearm.  Thus, article 5142, V.T.C.S., is repealed to the extent that it authorized juvenile probation officers to carry a firearm.  Section 75.042(f), in establishing uniform standards as stated in section 75.001, clearly and unambiguously states that peace officers and any other person who reports to a law enforcement officer may not serve as juvenile probation officers.  A "peace officer" within section 75.042(f) refers to someone employed by or reporting to

a law enforcement agency.  It does not refer to persons reporting to a juvenile board.  A sheriff and his deputies are peace officers, article 2.12 of the Code of Criminal Procedure.  However, a juvenile probation officer with the authority of a police officer or sheriff is not a "peace officer" within section 75.042(f) because he does not report to a law enforcement agency.

You have informed us that the Deaf Smith "juvenile peace officer" is a peace officer who carries a commission through the Deaf Smith County sheriff.  Since section 75.042(f) prohibits the employment of a peace officer as a juvenile probation officer, he may not serve in the latter capacity.  It is therefore unnecessary to answer your second question.

### S U M M A R Y

Under articles 5139DDD and 5142, V.T.C.S., as modified by sections 72.041 and 72.042(f) of the Human Resources Code, the juvenile probation officers employed by Deaf Smith County have the power and authority of police officers and sheriffs except that they may not carry guns. Since section 75.042(f) prohibits a peace officer from serving as a juvenile probation officer, a deputy sheriff may not serve in that capacity.

Very truly yours,

MARK   WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

RICHARD E. GRAY III
Executive Assistant Attorney General

Prepared by Patricia Hinojosa
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Susan L. Garrison, Chairman
Jon Bible
Rick Gilpin
Maury Hexamer
Patricia Hinojosa
Jim Moellinger