Ex parte Vincent Hopkins CALVIN aka
Vincent Calvin Hopkins.

Vincent Hopkins CALVIN aka Vincent
Calvin Hopkins, Appellant,

v.

The STATE of Texas, Appellee.

Nos. 67723, 67724.

Court of Criminal Appeals of Texas,
En Banc.

May 8, 1985.

See also 610 S.W.2d 479.

Charles Rice Young, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., James C. Brough and Mack Arnold, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

## OPINION

McCORMICK, Judge.

Appellant was convicted of murder in our Cause No. 67,723. Punishment was assessed at forty years' confinement. He now appeals that conviction. Also consolidated with that appeal is an Application for Writ of Habeas Corpus (our Cause No. 67,724). This application which was heard prior to appellant's trial in Cause No. 67,-723 was denied by the trial court. Appellant's main contention in both causes is that the trial court did not have jurisdiction to try him for the instant offense. This case points out some of the inherent problems built into the dual appellate system used in Texas when dealing with juveniles who have been certified as adults and then convicted of criminal offenses.

Appellant, a juvenile at the time of the offense, was arrested on January 26, 1979. He was immediately transferred to the custody of the director of the Harris County Juvenile Detention Home. A juvenile petition, dated January 30, 1979, asking that the "child be adjudged a child engaged in delinquent conduct," was filed. In a "Reopened Amended" petition dated February 14, 1979, the State asked that "the Court considers (sic) discretionary transfer to Criminal Court and waive its exclusive original jurisdiction and transfer said child to the appropriate District Court or Criminal District Court for criminal proceedings." A "Second Amended" petition dated February 21, 1979, was then filed. This petition changed the spelling of the murder victim's name.

Thereafter, in conformity with the Family Code, appellant was certified as an adult and the case was transferred to the 182nd Judicial District Court. After an examining trial, appellant was then indicted. However, the record reflects that on August 6, 1979, the appellant's special plea in bar was granted pursuant to an agreed order. This order recited that the 182nd District Court did not have jurisdiction and thus the two indictments pending against appellant were void for lack of proper jurisdiction. Appellant was released to the custody of the director of the Harris County Juvenile Detention Home until further proceedings in the juvenile court.

On August 7, 1979, a "Third Amended" petition was filed in the juvenile court requesting that the juvenile court waive its jurisdiction and transfer appellant to criminal district court. On October 18, 1979, the juvenile court entered an order transferring appellant to criminal district court. Appellant gave notice of appeal to the Court of Appeals regarding the juvenile certification issue.

Meanwhile, in the 182nd District Court, appellant was given an examining trial and then indicted for the instant offense. Appellant's motion to dismiss for lack of jurisdiction was denied. On January 30, 1980, appellant filed a pretrial writ of habeas corpus (our Cause No. 67,724) alleging that the criminal case should be dismissed on double jeopardy grounds. After conducting an evidentiary hearing, the trial court denied appellant's application. Appellant was then tried for the instant offense. He was found guilty and sentenced to forty years' confinement. Appellant then commenced the appeal of his criminal conviction through the criminal appellate system.

On July 17, 1980, after his criminal appeal had been filed, the First Supreme Judicial District Court in Houston handed down their opinion in the appeal from the juvenile proceedings. *Matter of V.C.H.*, 605 S.W.2d 643 (Tex.Civ.App.—Houston [1st

Dist.] no writ history, 1980). The Court of Civil Appeals found that the second transfer order emanating from the "Third Amended" petition was void in that the juvenile court had improperly erred in overruling appellant's motion for a separate jury trial on the issue of appellant's fitness to proceed with the transfer hearing. The Court of Civil Appeals also held that the first transfer order could not remedy this defect in that although the district court's agreed order of August 6, 1979, did not purport to reverse the first transfer order, it did not leave the first transfer order intact. Thus, the Court of Civil Appeals reversed the second transfer order of October 18, 1979, and remanded the cause to the juvenile court for a jury hearing on whether appellant was fit to proceed to trial. If the juvenile court found appellant fit, then a new transfer hearing was to be held.

On March 11, 1981, a third transfer hearing was held and the juvenile court certified the appellant and again signed a transfer order. The appellant appealed this order and on February 18, 1982, the Court of Appeals again reversed and remanded the cause because although appellant's counsel announced that appellant would waive his right to a jury trial on the issue of competency, "the record is void of any evidence to show that the child was informed of the waiving of the jury, that the child joined in the waiver, or that the child was informed and understood the right and possible consequences of his waiving a jury trial." *V.C.H. v. State,* 630 S.W.2d 787 (Tex.App.—Houston (1st Dist.) no writ history, 1982), at p. 789.

At appellant's fourth transfer hearing, a jury trial was conducted on appellant's fitness to stand trial. After the jury found that appellant was competent to stand trial, the trial court ruled that appellant should be certified, and a transfer order was signed on August 11, 1982. Appellant once again filed an appeal. In an opinion handed down on October 13, 1983, the Court of Appeals, now familiar with appellant, affirmed the certification procedures.

*V.C.H. v. State,* 662 S.W.2d 42 (Tex.App.—Houston (1st Dist.), no writ history, 1983).

In his brief to our Court which was filed shortly after the third transfer hearing, appellant contends that his conviction is void in that the trial court lacked jurisdiction over him since there was no valid transfer in existence at the time he was transferred from juvenile court to the criminal district court. The State, on the other hand, argues that although the second transfer order was void, the first transfer order was good and thus the criminal district court did have jurisdiction to adjudicate appellant's criminal case. The State contends that the 182nd District Court had no jurisdiction to review the validity of the first transfer order of April 22, 1979, and thus the agreed order of August 6, 1979, had no effect on the transfer order. Furthermore, the State contends that the Court of Civil Appeals, the only court with jurisdiction to review the transfer order of April 22, 1979, found the transfer order to be valid.

■ Both the State and appellant urge this Court to apply the doctrine of "the law of the case" in the instant case. Under the doctrine of "the law of the case," where determinations as to questions of law have already been made on a prior appeal to a court of last resort, those determinations will be held to govern the case throughout all of its subsequent stages. 6 Tex.Jur.3d, Appellate Review, Section 901, p. 378.

> "It is inherent in the very definition of the doctrine of the law of the case that the doctrine is applicable only where the prior appellate decision was rendered in the same case in which the subsequent appeal is pending. And, as the rule is generally applied, the doctrine is limited to questions of law only, and does not apply to questions of fact. More explicitly, under the application of the doctrine, if certain questions of law have been previously decided by an appellate court on a prior appeal of the cause to such court, such questions will thereafter, on the taking of a subsequent appeal in the cause to the court, be deemed to have

been concluded by the court's decision on the former appeal, provided, of course, that the facts involved on both appeals are substantially the same." (footnotes omitted) 6 Tex.Jur.3d, Appellate Review, Section 908, p. 386.

We agree that the application of the doctrine is appropriate to the instant case. It is axiomatic that an appeal from an order of a juvenile court is through the civil appellate system and is governed by the Rules of Civil Procedure. V.T.C.A. Family Code, Section 56.01. The Court of Criminal Appeals has no jurisdiction to review juvenile proceedings, except where a jurisdictional defect is raised. *Johnson v. State*, 594 S.W.2d 83 (Tex.Cr.App.1980); *Watson v. State*, 587 S.W.2d 161 (Tex.Cr. App.1979); *Grayless v. State*, 567 S.W.2d 216 (Tex.Cr.App.1978). Nonetheless, any alleged defect in the transfer process should be urged in an appeal from the transfer order as provided by V.T.C.A. Family Code, Section 56.01. In accordance with this procedure, once a juvenile case has been appealed through the civil system, the criminal appellate courts therefore must abide by the rulings of the civil appellate courts. *Dillard v. State*, 477 S.W.2d 547, 549 (Tex.Cr.App.1971); *Dillard v. State*, 479 S.W.2d 304 (Tex.Cr.App.1972); *Tatum v. State*, 534 S.W.2d 678 (1976). Thus we hold that where as in the instant case a civil appellate court has ruled on the correctness of juvenile proceedings, this Court is not empowered to review that ruling.

We have reviewed the opinion of the Court of Civil Appeals and find that the State made basically the same argument as to the validity of the first transfer order during the civil appeal.

"Appellee, the State of Texas, contends not only that none of the actions complained of constitutes reversible error, but also that this appeal is moot because a transfer order signed six months prior to the order now attacked is valid and will stand regardless of the action taken by this court in the present suit." 605 S.W.2d 643 at 644.

As to this contention, the Court of Civil Appeals wrote:

"It is true that there is no indication that an appeal was ever taken from the first transfer order or that the juvenile court ever vacated its order. Further, the criminal district court's agreed order finding that it had no jurisdiction does not purport to reverse the first transfer order, and even if it had, it would have lacked jurisdiction to do so. Section 56.-01 of the Family Code expressly vests jurisdiction over appeals from orders of the juvenile court in the Courts of Civil Appeals.

"We accept as correct the statement in the appellant's original brief explaining the basis for the criminal district court's order; he said that opposing counsel agreed that the case should be remanded to the juvenile court for a second transfer hearing 'to perfect service on appellant's natural mother who had never been notified of the Discretionary Transfer Hearing and who was not present.' Appellant contends that this lack of service on her was a fatal defect, citing Section 53.06 of the Family Code, which provides, in pertinent part:

(a) The juvenile court shall direct issuance of summons to:

(1) the child named in the petition;

(2) the child's parent, guardian, or custodian;

(3) the child's guardian and (sic) litem; and

(4) any other person who appears to the court to be a proper or necessary party to the proceeding.

"A child's custodian is defined by Section 51.02 of the Family Code as 'the adult with whom the child resides.' It is undisputed that under this definition the appellant's foster father was his custodian and that the foster father was served and appeared at the first hearing. As subsection (a)(2) is clearly worded in the alternative, we consider that service on the custodian *and* the parent is not required. Moreover, there is nothing in the record to reflect that any party al-

**464**

leged or that the trial court determined that appellant's mother was 'a proper or necessary party' to be served under subsection (a)(4). Thus, we conclude that failure to serve appellant's mother did not invalidate the first transfer order. In any event, the validity of the first transfer order cannot be attacked in this proceeding, no timely appeal having been perfected.

"*We hold, however, that when the judge of the criminal district court signed the agreed order that the plea in bar be granted, that both indictments against the defendant be dismissed, and that the defendant be released by the sheriff to the custody of the director of the juvenile detention home, the effect of his order was to end prosecution in the criminal district court and to remand the child to the jurisdiction of the juvenile court. Subsection (h) of Section 54.02 provides that the court to which the case was transferred 'may remand the child to the jurisdiction of the juvenile court.' We do not agree that this order left intact the first transfer order, thus making this appeal moot, and we overrule this counterpoint.*" (emphasis added) 605 S.W.2d 643, at 646–647.

 It is apparent from our reading of the excerpt above that the Court of Civil Appeals found that although the first transfer order was not void, the agreed order of dismissal in the criminal district court somehow destroyed the operability of that first transfer order. Thus that order is no longer available for the State to rely on in lieu of the defective second transfer order.

As a last resort, the State argues that if the Court of Civil Appeals' opinion is read to mean that the first transfer order was not operative, then we should conduct our own review of the validity of the order. As we noted above, the appellate review of juvenile proceedings is a creature of the civil appeals process. We have no jurisdiction to conduct such an inquiry.

Because the Court of Civil Appeals in its first opinion ruled that no operative order existed transferring appellant from the juvenile system to the adult criminal system, we are constrained to sustain appellant's ground of error.

 Furthermore, the fact that a valid and judicially approved certification order has now been made, does not cure the jurisdictional defects present in the case before us. At the time that appellant was indicted and tried for the present offense, there was no valid basis for the exercise of criminal jurisdiction over him. V.T.C.A., Penal Code, Section 8.07.

Appellant's conviction is reversed and the cause is dismissed. This renders moot appellant's writ of habeas corpus which is also dismissed.

MILLER, J., concurs.