**Michael Anthony JOHNSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 59139.**

Court of Criminal Appeals of Texas, Panel No. 3.

Jan. 16, 1980.

Rehearing Denied Feb. 27, 1980.

Craig A. Washington, Ealy A. Bennett, Houston, for appellant.

Carol S. Vance, Dist. Atty., Calvin A. Hartmann and Ronald G. Woods, Asst. Dist. Attys., Houston, and Robert Huttash, State's Atty., Austin, for the State.

Before ROBERTS, PHILLIPS and DAL-LY, JJ.

## OPINION

DALLY, Judge.

This is an appeal from a conviction for voluntary manslaughter following a jury trial on a murder indictment. The punishment is imprisonment for ten years.

At the time of the offense, appellant was fifteen years of age. Appellant contends that the juvenile court did not have jurisdiction to consider discretionary transfer of the case to district court for criminal prosecution, and the order waiving jurisdiction and certifying him for criminal prosecution in the district court was void, because he was not served with a proper summons. We agree and reverse the conviction.

The proceeding to declare a juvenile a delinquent, V.T.C.A. Family Code, Secs. 54.-03 and 54.04, and the proceeding to waive jurisdiction and transfer a juvenile to district court for criminal prosecution, V.T.C.A. Family Code, Sec. 54.02, are separate and distinct proceedings. *Grayless v. State*, 567 S.W.2d 216 (Tex.Cr.App.1978). Among other things, Sec. 54.02 requires that the petition and notice requirements of V.T.C.A. Family Code, Secs. 53.04, 53.05, 53.06, and 53.07 be satisfied and that the summons state that the hearing is for the purpose of considering discretionary transfer to criminal court. Sec. 54.02(b), supra. Failure of the summons to comply with Sec. 54.02(b) deprives the juvenile court of jurisdiction to consider discretionary transfer. *Grayless v. State,* supra; *Johnson v. State*, 551 S.W.2d 379, 381 n.3 (Tex.Cr.App.1977); *Matter of W. L. C.*, 562 S.W.2d 454 (Tex.Sup.1978); *In re T. T. W.*, 532 S.W.2d 418 (Tex.Civ.App.— Texarkana 1976, no writ); *In re K. W. S.*, 521 S.W.2d 890 (Tex.Civ.App.—Beaumont 1975, no writ); *R. K. M. v. State*, 520 S.W.2d 878 (Tex.Civ.App.—San Antonio 1975, no writ).

On April 9, 1975, a petition alleging that appellant had engaged in delinquent conduct was filed in the juvenile court. On the same day, appellant was served with a summons directing him to appear to answer the petition "wherein the said petitioner alleges the following facts, to wit: All is fully set out in accompanying true copy of the petition . . . ." After the juvenile court hearing was reset for a new date, appellant was again served with an identical summons and a copy of the April 9 petition.

A "Motion to Waive Jurisdiction of the Juvenile Court" requesting that the case be transferred to district court for criminal proceedings was also filed on April 9. There is nothing in the record to indicate that service of process was had on this motion prior to the hearing discussed later in this opinion.

On June 11, 1975, before any hearing on the April 9 petition and motion, an amended petition alleging that appellant had engaged in delinquent conduct was filed in the juvenile court. At the close of this petition, the petitioner prays "that the Court consider discretionary transfer to Criminal Court, and waive its exclusive original jurisdiction and transfer said child to the appropriate District Court or Criminal District Court for criminal proceedings." On that day, appellant was served with a summons directing him to appear June 25 to answer the amended petition "wherein the said petitioner alleges the following facts, to wit: All as fully set out in accompanying true copy of the petition . . . ." No other notice as to the purpose of the hearing appears in the summons.

As the hearing in the juvenile court began on June 25, the following exchange occurred:

"MR. MACKNEY [Assistant District Attorney]: Filed among the papers in this file is a Motion to Certify the Respondent, Michael Anthony Johnson, and asking this Court to waive jurisdiction of this juvenile for prosecution later in an adult Court, and we have a number of witnesses to present on this Motion, Your Honor.

"MR. WASHINGTON [Defense Attorney]: I've not seen the Motion, Your Honor.

Whereupon there was a brief discussion at the bench out of the hearing of the court reporter.

"MR. WASHINGTON: Let the record reflect that at this moment, 10:08, the 25th of June, 1975, is the first time that either the Respondent or his counsel has been served with a copy of the Motion to Waive Jurisdiction.

"May I have a moment to look at it, Your Honor?

"THE COURT: All right. Has there been service on the Motion?

"MR. MACKNEY: I haven't checked, Your Honor. May I have the Court's file?

"I see nothing in the file, Your Honor.

"MR. WASHINGTON: I didn't want to make an issue of that, Your Honor. I just wanted the record to reflect that.

"THE COURT: You cannot accept service for the Respondent. If the child has not been served with the Motion, he must be served. You cannot waive service and you cannot accept it.

"Get the bailiff out here and have him serve him with the Motion.

"I have an idea he has been served. A lot of people have had the record, but in any event, let's do it again to make sure.

Whereupon there was a brief recess at which time the bailiff served the juvenile respondent with certain process of service."

Neither a copy of nor the officer's return on the "certain process of service" referred to appears in the record.

■ As this recitation of the facts reveals, there were two petitions for a transfer hearing filed by the State. The first petition, denominated a "Motion to Waive Jurisdiction" and filed April 9, was not served on appellant prior to the June 25 hearing, if in fact that was what was served on appellant that day. In juvenile proceedings, summons must issue to the named juvenile, his parents or guardian, his guardian ad litem, and any other party the court deems a necessary party to the proceeding. Sec. 53.06(a), supra. Citation may be waived by all the parties except the juvenile. Sec. 53.06(e), supra. Absent an affirmative showing in the record of service of summons on appellant, the juvenile court did not have jurisdiction to hear the April 9 transfer petition. *Grayless v. State*, supra; *Matter of W. L. C.*, supra; *In re T. T. W.*, supra.

■ The second transfer petition, the amended petition filed June 11 alleging that appellant had engaged in delinquent conduct and praying that the case be transferred to district court for criminal proceedings, was served on appellant. However, the accompanying summons did not state that the hearing was to be for the purpose

of considering discretionary transfer to district court for criminal proceedings. This omission was not, as the State contends, a mere question of notice, but was a fundamental defect which deprived the juvenile court of jurisdiction to hear the petition. *In re K. W. S.*, supra; *R. K. M. v. State*, supra.

The State's contention is not supported by *Matter of J. R. C.*, 551 S.W.2d 748 (Tex. Civ.App.—Texarkana 1977, writ ref. n. r. e.). In that case, the summons notified the juvenile of a hearing on the petition of the district attorney "asking for the Juvenile Court to consider waiving jurisdiction, and certifying J____ R____ C____ as an adult, and transferring the case to District Court for Criminal Proceedings . . . ." *551 S.W.2d at 754.* The Court of Civil Appeals held that this statement of the purpose of the hearing in the summons was sufficient to satisfy Sec. 54.02(b), supra. The summons in the instant case, unlike the summons in *J. R. C.*, is totally silent as to the purpose of the hearing. The reference in the summons to the attached amended petition requesting transfer of the case to district court for criminal proceedings does not satisfy the requirement of Sec. 54.02(b), supra, that the summons state the purpose of the hearing. *In re K. W. S.*, supra; *R. K. M. v. State*, supra.

Whether the failure of the summons to state the purpose of the hearing as required by Sec. 54.02(b), supra, renders the summons a nullity, or is merely a defect in the summons that may be waived by the juvenile, is a question that has yet to be answered. We need not answer this question in this case, since there is nothing in the record to show that appellant was informed of and understood the right and possible consequences of waiving the failure to state the purpose of the hearing in the summons, nor is there anything to show that appellant joined in any waiver by his attorney of a proper summons. V.T.C.A. Family Code, Sec. 51.09(a)(1) and (a)(2); *D. A. W. v. State*, 535 S.W.2d 21 (Tex.Civ.App.—Houston [14th Dist.] 1976, writ ref. n. r. e.); *In re K. W. S.*, supra. The failure of appellant to appeal the order of the juvenile court to

the Court of Civil Appeals does not waive any jurisdictional defect. *Grayless v. State*, supra; *Johnson v. State*, supra.

The judgment is reversed and the cause remanded.

ROBERTS, J., not participating.