The State tries to explain away possible harm by contending that Mrs. Deatherage testified only as to a conviction, while the probation officer testified as to a probation, and therefore, although the jury had not been informed that both witnesses were speaking of the same conviction, they should have assumed as much. This argument is without merit and mistakes the record. Mrs. Deatherage identified exhibit number seven as "a judgment on a plea of guilty *sentencing probation*." [Emphasis ours.] We have also considered the State's argument that there was no harm in the failure to instruct the jury to disregard State's exhibit number seven as well as its argument that there was no harm because the exhibit was never admitted into evidence. This argument simply does not address the issue raised by appellant. Appellant's objection was to the testimony surrounding the State's attempt to introduce the exhibit into evidence, not the exhibit itself.

**H.G.V. a/k/a C.G.V., Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 16909.**

Court of Appeals of Texas, San Antonio.

Feb. 9, 1983.

Eduardo Saenz, San Antonio, for appellant.

Bill White, Dist. Atty., Keith F. Fahlberg, Steve Zauft, Asst. Dist. Attys., San Antonio, for appellee.

Before CADENA, C.J., and ESQUIVEL and CANTU, JJ.

## OPINION

CANTU, Justice.

Appellant appeals from an order of the 175th District Court of Bexar County, sitting as Juvenile Court, waiving its juvenile jurisdiction and certifying appellant for trial as an adult on a charge of murder.

On April 16, 1980, appellant was indicted for the offense of murder, which was alleged to have occurred on or about November 11, 1979. The matter was carried on the criminal docket of the 187th District Court of Bexar County until April 6, 1981, when after a hearing on appellant's motion suggesting that he was sixteen years of age on the date of the alleged offense, the indictment was dismissed.

On May 7, 1981, the State filed its petition seeking to have appellant adjudicated a delinquent child.[1] At the same time and by separate instrument, the State also filed an instrument denominated "Motion to Waive Juvenile Jurisdiction." This petition substantially complied with the requirements of Tex.Fam.Code § 53.04 (Vernon 1975) and additionally informed the juvenile court that appellant had been indicted as an adult because he [appellant] had represented his birthday to be other than his true date of birth, that the matter had been handled as an adult case, and that the indictment had been dismissed for lack of jurisdiction. The motion concluded with the allegation that the matter had not previously been referred to the juvenile court because the State did not know appellant was a juvenile. The instrument finally prayed for a hearing to consider waiver of jurisdiction and discretionary transfer under the provisions of section 54.02, Tex.Fam.Code.

A hearing was docketed for June 1, 1981, in the 175th District Court, subpoenas were requested and summons served upon appellant and his parents notifying them of the impending hearing.[2]

On May 29, 1981, the State filed an instrument designated "First Amended Motion to Waive Juvenile Jurisdiction." This motion was much the same as the previous motion seeking waiver of jurisdiction. Noticeably, the motion specifically invoked the juvenile court's jurisdiction under § 54.02(j) of the Texas Family Code and prayed for a hearing pursuant to said section. Subpoenas were requested and made returnable June 4, 1981. The record discloses no ser-

---

1. According to the petition appellant was over the age of 18 at the time of filing.

2. The summons stated that the nature of the hearing is "to determine whether said child engaged in delinquent conduct, and if so, to determine what disposition shall be made of said child, or other order entered therein." The summons does not state that the impending hearing was to be for the purpose of considering discretionary transfer to the district court for criminal proceedings. See § 54.02(b).

vice of summons upon the parties regarding this latter motion nor is there complaint by appellant regarding proper notice. On June 4, 1981, a hearing was conducted addressing the State's amended motion and on June 5, 1981, the juvenile court entered the following findings on its docket sheet.

The court finds that C.G.V. is a person of 18 years of age or older having been born March 14, 1963. The court finds that C.G.V. was 15 years of age or older and under 17 years at the time he is alleged to have committed a felony, to-wit: on or about November 11, 1979. The court finds that no adjudication concerning the alleged offense has been made, and no adjudication hearing concerning the offense has been conducted.

The court finds from a preponderance of the evidence that the State was duly diligent in attempting to determine the age of C.G.V., by referring to school records and police records, both of which indicated that his date of birth was March 14, 1962, and he was therefore not a child under the Family Code, and it was not practicable to proceed in the juvenile court at that time. The State learned of the correct birthday of C.G.V. on March 18, 1981, four days after the 18th birthday of the person, and the State did not have probable cause to proceed in the juvenile court until that time.

The juvenile court's entries on the docket sheet conclude with a notation that "the First Amended Motion to Waive Juvenile Jurisdiction is granted, and the case is transferred to the 186th District Court...."[3]

The docket sheet contains entries by the presiding judge of the 186th District Court of Bexar County indicating that on June 18, 1981, an examining trial was conducted wherein evidence regarding the nature of the offense charged was developed. A remand to the Grand Jury is noted.

On appeal appellant challenges only the juvenile court's findings that the State had

exercised diligence in ascertaining appellant's true date of birth and that appellant had misrepresented his date of birth.

At the outset we are confronted with fundamental shortcomings in the waiver procedures requiring our attention as unassigned error.

Section 54.02 Tex.Fam.Code dealing with waiver of jurisdiction and discretionary transfer to criminal court provides in pertinent part:

(a) The juvenile court may waive its exclusive original jurisdiction and transfer a child to the appropriate district court or criminal district court for criminal proceedings if:

(1) the child is alleged to have violated a penal law of the grade of felony;

(2) the child was 15 years of age or older at the time he is alleged to have committed the offense and no adjudication hearing has been conducted concerning that offense; and

(3) after full investigation and hearing the juvenile court determines that because of the seriousness of the offense or the background of the child the welfare of the community requires criminal proceedings.

(b) The petition and notice requirements of Sections 53.04, 53.05, 53.06, and 53.07 of this code must be satisfied, and *the summons must state that the hearing is for the purpose of considering discretionary transfer to criminal court.* (emphasis supplied)

\* \* \* \* \* \*

The only summons appearing in the record were in connection with the State's original petition invoking the jurisdiction of the juvenile court. These summons failed to state "that the hearing is for the purpose of considering discretionary transfer to criminal court." In fact the summons indicate that the purpose of the hearing is to invoke the jurisdiction of the juvenile court

---

**3.** The order waiving jurisdiction is much less specific but essentially conforms to the court's

findings on the docket sheet.

**626**

and retain supervision over appellant as a juvenile.[4]

 Failure to strictly comply with the provisions of Section 54.02(b) Tex.Fam.Code regarding requirements of the summons deprives the juvenile court of jurisdiction to hear the petition or "motion" as denominated in this case. *Johnson v. State*, 594 S.W.2d 83 (Tex.Crim.App.1980); *Grayless v. State*, 567 S.W.2d 216 (Tex.Cr.App.1978); *In the Matter of W.L.C.*, 562 S.W.2d 454 (Tex.1978); *R.K.M. v. State*, 520 S.W.2d 878 (Tex.Civ.App.—San Antonio 1975, no writ).

Section 53.06(a) of the Family Code specifically provides that in a juvenile proceeding the juvenile named in the petition shall be served with summons.

Section 53.06(e) states that: "[a] party, other than the child, may waive service of summons by written stipulation or by voluntary appearance at the hearing." Thus citation may be waived by all the parties except the juvenile.[5] Absent an affirmative showing in the record of service of summons on appellant, the juvenile court did not have jurisdiction to hear the May 29 transfer petition (motion). *In the Matter of W.L.C., supra.*

 Although the defect has not been assigned as error the record affirmatively shows that the appellee was not entitled to recover because the court rendering the judgment was without jurisdiction over the subject matter. *Ramsey v. Dunlop*, 146 Tex. 196, 205 S.W.2d 979 (1947); *Newman v. King*, 433 S.W.2d 420 (Tex.1968). Furthermore, liberty rights of minors involve matters of public interest sufficient to permit review of fundamental error by the appellate court *sua sponte*. *R.A.M. v. State*, 599 S.W.2d 841 (Tex.Civ.App.—San Antonio 1980, no writ).

We find it unnecessary, therefore, to reach appellant's challenge to the findings of the juvenile court on the issue of diligence, *see* Tex.Fam.Code § 54.02(j) (Vernon 1975), inasmuch as the entire proceedings were rendered a nullity in the absence of jurisdiction over the person of appellant. *Johnson v. State*, 551 S.W.2d 379 (Tex.Crim. App.1977).

The judgment of the juvenile court is reversed and the cause is remanded.

---

**4.** Since appellant was more than 17 years old at the time of the certification hearing, the juvenile court at that time did not have jurisdiction to adjudicate him a juvenile delinquent, but it did have jurisdiction to make a final disposition on the question of waiver of jurisdiction pursuant to § 54.02(j). *Matter of D.M.*, 611 S.W.2d 880 (Tex.Civ.App.—Amarillo 1980, no writ).

**5.** It is doubtful that a juvenile could waive the requirement of citation even through compliance with section 51.09. *In the Matter of D.W.M.*, 562 S.W.2d 851 (Tex.1978); *In the Matter of W.L.C., supra.*