Kenneth Stuart HARDESTY, Appellant,

v.

The STATE of Texas, Appellee.

No. 65,717.

Court of Criminal Appeals of Texas,
En Banc.

Sept. 14, 1983.

Rehearing Denied Oct. 19, 1983.

Arch C. McColl, III and David W. Coody, Dallas, for appellant.

Henry Wade, Dist. Atty., Maridell J. Templeton and Norman Kinne, Asst. Dist. Attys., Robert Huttash, State's Atty. Dallas, and Alfred Walker, Asst. State's Atty., Austin, for the State.

## OPINION

W.C. DAVIS, Judge.

Appellant was convicted of the offense of kidnapping. Punishment was assessed at five years imprisonment, probated. On January 24, 1979, the State filed a motion to revoke appellant's probation based on his alleged commission of, inter alia, the offense of theft of property over $200.00. The court, after a hearing, revoked the probation and sentenced appellant to five years in the Texas Department of Corrections.

Appellant contends that the trial court abused its discretion in revoking his probation in that there was insufficient evidence to show a violation of his terms of probation.

In *Hardesty v. State,* 656 S.W.2d 73 (1983), this Court found the evidence sufficient to support appellant's conviction for the offense of theft of property over $200.00. Evidence sufficient to support a finding of guilt beyond a reasonable doubt is a fortiori sufficient to support a finding of a probation violation by a preponderance of the evidence. The ground of error is without merit.

In an untimely filed supplemental brief, appellant alleges fundamental error in that "the summons for the hearing to certify appellant as an adult failed to state that the proceedings were for transfer to a [d]istrict [c]ourt for criminal proceedings," as per V.T.C.A., Family Code, § 54.02(b).

He maintains that the probation revocation should be set aside as void because the summons was invalid and therefore both the juvenile court and the criminal district court were deprived of jurisdiction over his proceedings. We do not agree.

The summons in question, issued November 12, 1974, commanding appellant to appear before juvenile court for disposition of the motion for discretionary transfer stated, in pertinent part:

"You, Kenneth Stuart Hardesty, are hereby commanded to appear before the juvenile court ... for a hearing on the Motion for Discretionary Transfer as prayed for in the attached petition."

The attached petition stated inter alia: "NOW COMES, HENRY WADE, District Attorney of Dallas County, Texas, hereinafter styled Petitioner, upon information in his possession and after a complete diagnostic study, social evaluation and a full investigation of the child, his circumstances, and the circumstances of the alleged offenses, respectfully represents to the Court that because of the seriousness of the offense, the welfare of the community requires that the Juvenile Court waive jurisdiction and have Kenneth Stuart Hardesty *transferred to a Criminal District Court for criminal proceedings for the following reasons:*

. . . .

WHEREFORE, your Petitioner prays that summons as required by law be ussued (sic) and that this Honorable Court waive its jurisdiction over the said Kenneth Stuart Hardesty and order that the said Kenneth Stuart Hardesty be *transferred to the proper Criminal District Court for criminal proceedings therein.*" [1]

Appellant urges that under the authority of *Johnson v. State,* 594 S.W.2d 83 (Tex.Cr. App.1980), the instant summons fails to meet the requirements of § 54.02, supra, which states:

"(b) The petition and notice requirements of Sections 53.04, 53.05, 53.06, and 53.07 of this code must be satisfied, *and the summons must state that the hearing is*

*for the purpose of considering discretionary transfer to criminal court.*"

In *Johnson,* supra, the appellant was served with a summons directing him to appear to answer the petition "wherein the said petitioner alleges the following facts, to wit: All is fully set out in accompanying true copy of the petition. . . ." The accompanying petition alleged that the appellant had engaged in delinquent conduct and prayed that the case be transferred to district court for criminal proceedings. By a vote of 2 members of a panel of this Court it was held that:

"[t]he reference in the summons to the attached amended petition requesting transfer of the case to district court for criminal proceedings does not satisfy the requirement of Sec. 54.02(b), supra, that the summons state the purpose of the hearing."

As a basis for this decision, the panel relied on *In re K.W.S.,* 521 S.W.2d 890 (Tex.Civ. App.—Beaumont 1975, no writ), and *R.K.M. v. State,* 520 S.W.2d 878 (Tex.Civ.App.— San Antonio 1975, no writ). These cases have no binding effect upon this Court and are in no way persuasive in that they are distinguishable from the instant case.

In *R.K.M.,* supra, while there was a petition attached to the summons as in the case at bar, the summons only stated that "The purpose of the hearing at the above date and time is to consider waiver of jurisdiction and discretionary transfer." There was no language in the summons incorporating the provisions of the petition into the summons. In the instant case, the summons expressly incorporated the terms of the attached petition.

In *K.W.S.,* supra, a summons was served upon the appellant, stating:

"then and there to answer the Petition of the State of Texas ... wherein the said Petitioner alleges the following facts *which he says constitute the said [K.W.S.] a delinquent child, to-wit:* All as fully set out in accompanying true copy of the Petition of the said Plaintiff, The State of Texas."

1. All emphasis supplied by the author of this opinion unless otherwise indicated.

Attached to this summons was a petition seeking adjudication of the appellant as a delinquent child, and a motion requesting that the juvenile court waive its jurisdiction. No reference was made in the summons to the State's intent to seek a discretionary transfer; the summons expressly stated that the court setting was for the purpose of an adjudication of delinquency.

Further, the reference in the summons to the attached petition was only to the facts alleged therein insofar as they supported the allegation of delinquency.

In the instant case, the summons served upon appellant expressly stated that the purpose of the appearance was for consideration of the Motion for Discretionary Transfer. While the summons itself did not include the phrase "to criminal court," § 54.02(b), supra, it *did* include an express incorporation of the allegations of the "attached petition." There was in fact an attached petition which contained references to criminal proceedings in criminal district court clearly sufficient to meet the requirements of the Family Code. To the extent that *Johnson*, supra, is inconsistent with this holding, it is overruled. Appellant's ground of error is accordingly overruled.

We have considered the additional ground of error contained in appellant's untimely brief and find it to be of no merit.

The judgment is affirmed.

MILLER, Judge, dissenting.

The majority holds that the summons commanding appellant to appear before the juvenile court for disposition of the motion for discretionary transfer was valid. In doing so, they overrule *Johnson v. State*, 594 S.W.2d 83 (Tex.Cr.App.1980), and ignore the specific language of V.T.C.A., Family Code, § 54.02(b).

The summons, in pertinent part, stated:

"You, Kenneth Stuart Hardesty, are hereby commanded to appear before the Juvenile Court ... for a hearing on the Motion for Discretionary Transfer as prayed for in the attached petition."

V.T.C.A., Family Code, § 54.02(b) expressly provides that "the summons *must* state that a hearing is for the purpose of considering discretionary transfer to criminal court." (emphasis added) In *Johnson*, supra, we held that where the summons of citation accompanying the transfer petition did not state that the hearing was to be for the purpose of considering discretionary transfer to district court for criminal proceedings, such omission rendered the summons fundamentally defective and thus served to deprive the juvenile court of jurisdiction to hear the motion to transfer.

*Johnson* controls the disposition of the instant case. The order revoking probation and the original judgment should be reversed. By overruling *Johnson*, the majority disregards the explicit requirements of V.T.C.A., Family Code, § 54.02(b).

To such action, I must dissent.

ODOM, CLINTON and TEAGUE, JJ., join this dissent.