

# NUMBER 13-17-00317-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

## IN THE MATTER OF A.M.V., A CHILD

---

On appeal from the 449th District Court
of Hidalgo County, Texas.

---

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Contreras and Hinojosa**
**Memorandum Opinion by Justice Hinojosa**

Appellant A.M.V.[1] appeals from the juvenile court's order waiving jurisdiction and transferring appellant to criminal district court.[2]  *See* TEX. FAM. CODE ANN. § 54.02

---

[1] In appeals involving juvenile court cases, the Texas Rules of Appellate Procedure require the use of an alias to refer to a minor.  TEX. R. APP. P. 9.8.  While appellant is now an adult, we will refer to him by his initials because the appeal involves a juvenile court proceeding.

[2] Texas Family Code section 56.01 authorizes an appeal "from an order entered under . . . Section 54.02 respecting transfer of the child for prosecution as an adult[.]"  TEX. FAM. CODE ANN. § 56.01(c)(1)(A) (West, Westlaw through 2017 1st C.S.).

(West, Westlaw through 2017 1st C.S.).  By one issue, appellant argues the juvenile court erred by waiving its jurisdiction because appellant "was not served with a summons that tracked the language of Section 54.02(k) [of the Texas Family Code] and was therefore not afforded his due process right to adequate notice."  We affirm.

## I.  ADEQUACY OF SUMMONS[3]

### A.  Pertinent Facts

The State filed a petition with the juvenile court seeking to transfer appellant to criminal district court to stand trial for the offense of aggravated sexual assault.  *See* TEX. PENAL CODE ANN. § 22.021(a)(2) (West, Westlaw through 2017 1st C.S.).  Appellant was a juvenile at the time of the alleged offense, but he is now an adult.  *See* TEX. FAM. CODE ANN. § 54.02(j) (providing for discretionary transfer and waiver of jurisdiction for person "18 years of age or older").  The State served appellant with a summons and a copy of the petition.  The summons provided in pertinent part that appellant was "to appear . . . to answer the allegations in the ***STATE'S PETITION FOR DISCRETIONARY TRANSFER TO CRIMINAL COURT (18+)*** which is attached hereto and made a part hereof." (Emphasis in original).

The petition contained language requesting the juvenile court "to transfer [appellant] to the appropriate criminal district court to stand trial for [aggravated sexual assault.]"  The State prayed that the juvenile court "waive its exclusive original jurisdiction and order the felony charge(s) against [appellant] transferred to an appropriate criminal

---

[3] Because this is a memorandum opinion and the parties are familiar with the facts, we will not recite them here except as necessary to advise the parties of the Court's decision and the basic reasons for it.  *See* TEX. R. APP. P. 47.4.

2

district court[.]" Appellant argued to the trial court that "[t]he State's summons was defective" and "his right [to] due process [was] compromised." The juvenile court's order granting the State's petition is the subject of this appeal.

## B. Applicable Law

A juvenile court has exclusive original jurisdiction over all proceedings involving the delinquent conduct of a person who was a child at the time they engaged in the conduct. TEX. FAM. CODE ANN. § 51.04(a) (West, Westlaw through 2017 1st C.S.); *see id.* § 51.02(2)(A) (West, Westlaw through 2017 1st C.S.) (defining "child" as a person who is "ten years of age or older and under 17 years of age"). If a juvenile court determines after an evidentiary hearing that certain requirements are satisfied, it may waive its jurisdiction and transfer a child to the district court for criminal proceedings. *Id.* § 54.02. Generally, juvenile courts maintain jurisdiction over a child who has turned eighteen only to transfer the case to the criminal district court or dismiss the case. *In re N.J.A.*, 997 S.W.2d 554, 556 (Tex. 1999); *In re B.R.H.*, 426 S.W.3d 163, 166 (Tex. App.—Houston [1st Dist.] 2012, orig. proceeding). Section 54.02(j) sets out procedures for the waiver of jurisdiction when the person before the court is over the age of eighteen. *See* TEX. FAM. CODE ANN. § 54.02(j).

In proceedings before a juvenile court, due process requires notice that would be deemed constitutionally adequate in a civil or criminal proceeding. *In re Gault*, 387 U.S. 1, 33 (1967). Section 53.06 of the family code provides that a juvenile court "shall direct issuance of a summons" to the child named in the petition, among others. *See* TEX. FAM. CODE ANN. § 53.06(a) (West, Westlaw through 2017 1st C.S.). "A copy of the petition

must accompany the summons," and "[t]he summons must require the persons served to appear before the court at the time set to answer the allegations of the petition." *Id.* § 53.06(b). Where the person before the juvenile court is over eighteen, "the summons must state that the hearing is for the purpose of considering waiver of jurisdiction under Subsection (j)." *Id.* § 54.02(k). Compliance with section 54.02 "is mandatory and prerequisite to the juvenile court jurisdiction to consider waiver of jurisdiction and discretionary transfer to criminal court." *In re W. L. C.*, 562 S.W.2d 454, 455 (Tex. 1978).

We review de novo the juvenile court's determination of law. *In re S.J.*, 977 S.W.2d 147, 149 (Tex. App.—San Antonio 1998, no pet.).

## C. Analysis

Appellant argues that the summons did not comply with section 54.02. Specifically, appellant maintains that "[t]he State failed to cite subsection (j) in their summons therefore, the summons is defective and the lower court did not have jurisdiction to certify [appellant.]"

As set out above, the summons stated on its face that the hearing is for the purpose of considering the "State's Petition for Discretionary Transfer to Criminal Court (18+)." The summons did not contain the following statutory language: "the hearing is for the purpose of considering waiver of jurisdiction under Subsection (j)." TEX. FAM. CODE ANN. § 54.02(k). However, the summons was served with a copy of the petition which was incorporated by reference. The petition provided that the State was seeking a waiver of jurisdiction and fully referenced the provisions of subsection (j) as the basis for the

4

petition.[4]

Where a summons in a juvenile proceeding attaches and incorporates by reference the State's petition, we may look to both to determine compliance with section 54.02. *See Hardesty v. State*, 659 S.W.2d 823, 25 (Tex. Crim. App. 1983) (reviewing both the summons and incorporated petition in determining whether summons satisfied section 54.02); *see also Sanchez v. State*, No. 13-02-00170-CR, 2004 WL 3211570, at *1 (Tex. App.—Corpus Christi July 1, 2004, no pet.) (mem. op., not designated for publication) (same). In considering both the summons and the incorporated petition, we conclude that appellant received notice in compliance with section 54.02(k). *See Hardesty*, 659 S.W.2d at 25; *Polanco v. State*, 914 S.W.2d 269, 271 (Tex. App.—

---

[4] For instance, the petition requested "that the Court hold a hearing in accordance with the provisions of § 54.02 of the Texas Family Code on the issue of waiver of jurisdiction and discretionary transfer to criminal district court." The petition also referenced each requirement for a waiver of jurisdiction under subsection (j):

(1)    appellant was over eighteen years old, *see* TEX. FAM. CODE ANN. § 54.02(j)(1) (West, Westlaw through 2017 1st C.S.);

(2)    appellant was "10 years of age or older at the time if alleged to have committed a capital felony or an offense under § 19.02 Penal Code" or "14 years of age or older if alleged to have committed an aggravated controlled substance felony or a felony of the first degree other than an offense under § 19.02, Penal Code" or "15 years of age or older if alleged to have committed a felony of the second or third degree or a state jail felony", *see id.* § 54.02(j)(2);

(3)    "[n]o adjudication hearing has been conducted concerning the alleged offense(s)", *see id.* § 54.02(j)(3);

(4)    after due diligence of the State, it was not practicable for the State to proceed in juvenile court before appellant's 18th birthday because "the state did not have probable cause to proceed in juvenile court and new evidence has been found since the 18th birthday of [appellant]" or "[appellant] could not be found" or "a previous transfer order was reversed by an appellate court or set aside by a district court", *see id.* § 54.02(j)(4); and

(5)    appellant committed the offense of aggravated sexual assault. *See id.* § 54.02(j)(5) (requiring the juvenile court to determine that "there is probable cause to believe that the child before the court committed the offense alleged").

Beaumont 1996, pet. ref'd) (concluding that summons notifying appellant to appear and to hear a petition for discretionary transfer to a criminal or district court complied with section 54.02(k)); *see also Sanchez*, 2004 WL 3211570, at \*1 (holding that summons including an express incorporation of the allegations in the attached petition complied with section 54.02(b)).

Because the summons complied with the statutory notice requirements, we also conclude that the summons did not violate appellant's due process right to adequate notice. *See R.K.M. v. State*, 520 S.W.2d 878 (Tex. Civ. App.—San Antonio 1975, no writ) (recognizing that section 54.02's notice requirements exceeds the "rudimentary floor" guaranteed by the due process clause). We overrule appellant's sole issue.

## II. CONCLUSION

We affirm the juvenile court's order waiving jurisdiction and transferring appellant to criminal district court.

LETICIA HINOJOSA
Justice

Delivered and filed the
2nd day of November, 2017.

6