v.

The STATE of Texas, Appellee.

No. 6317.

Court of Civil Appeals of Texas, Waco.

May 7, 1981.

Jimmy Morris, Corsicana, for appellant.

John H. Jackson, Asst. Dist. Atty., Corsicana, for appellee.

## OPINION

**McDONALD, Chief Justice.**

This is an appeal by M. E., a juvenile, from adjudication of the trial court that he had engaged in delinquent conduct, and from an order committing him to The Texas Youth Council.

The State filed petition that M. E. a juvenile 16 years of age had engaged in delinquent conduct to wit: 1) On June 2, 1980, in Navarro County he violated Article 30.02 of the Texas Penal Code in that he knowingly entered a building not open to the public without the consent of J. A. Cunningham, the owner, and attempted to commit and committed theft; 2) On August 12, 1980, in Navarro County he violated Article 30.02 of the Texas Penal Code in that he knowingly entered a building not open to the public without the consent of Edward Graham, the owner, and attempted to commit and committed theft; 3) On September 15, 1980, in Navarro County he violated Article 30.02 of the Texas Penal Code in that he knowingly entered a building not open to the public without the consent of Ken Jones, the owner, and attempted to commit and committed theft.

Trial was before the court which rendered judgment that M. E. has engaged in delinquent conduct within the meaning of Section 51.03 Texas Family Code, and set dispositional hearing. Thereafter dispositional hearing was had, and the trial court ordered M. E. committed to The Texas Youth Council for an indeterminate period not to exceed the time when he should be 18 years of age, or discharged in compliance with Article 5143d VATS.

M. E. appeals on 4 points.

Point 1 asserts "the State's petition fundamentally defective for the reason that it does not state the name and address of the parents".

The petition states "The parent of said child and his residence is as follows: Dave Ellison, 300 N. 36th St., Corsicana, Navarro County, Texas".

Section 53.04 of the Family Code (d) provides "The petition must state: * * * (3) the names and residence addresses if known, of the parent, guardian, or custodian of the child * * * and (4) if the child's parent, guardian, or custodian does not reside or cannot be found in the State, or if their places of residence are unknown, the name and residence address of any known adult relative residing in the county, or if there is none, the name and residence ad-

dress of the known adult relative residing nearest to the location of the court".

M. E. lived with his mother and stepfather Dave Wilson at the address given. The stepfather was served with a copy of the petition, and both Dave Wilson and M. E.'s mother were present at the proceedings in this case.

Appellant made no objection to the State's petition and raises this point asserting fundamental error, for the first time on appeal.

No harm is shown; M. E. was apprised of the delinquent conduct alleged; and we hold the error was not fundamental and does not require a reversal.

Point 2 asserts the evidence insufficient to support the finding of delinquency with reference to the burglary of the J. A. Cunningham building.

There was evidence from James Bruton and Vernon Vanibuls that they committed burglary of the building involved and that they were assisted by M. E.; that they did not have anyone's permission to go in the building. M. E. took the stand and testified that he participated in the burglary as a lookout, and that no one gave any of the participants permission to break in the building.

J. A. Cunningham, owner of the building, did not testify. Under the record here his testimony was not required.

Point 3 asserts that fingerprints alone are insufficient to support the finding of delinquency with reference to the buildings owned by Edward Graham and Ken Jones.

The trial court found that the allegations of delinquency as set forth in the State's petition were proven true by competent evidence beyond a reasonable doubt. This included burglary of the buildings owned by Graham and Jones.

In both these burglaries entrance was made by smashing a plate glass window. Fingerprints of M. E. were lifted from the plate glass near the point of break-in or from the broken glass itself. Blood was found at the scene of the September 15, burglary. There is testimony M. E. was at the Navarro County Hospital being treated for a cut on the face in the early morning hours after this burglary. There is evidence that the fingerprints taken at both burglaries were the same as M. E.'s known fingerprints.

Point 4 asserts M. E.'s fingerprints were taken without proper authority. Officer Warren testified he took M. E.'s fingerprints on September 18, 1980.

M. E. was under investigation for the burglary at the time his fingerprints were taken.

Section 51.15(f) of the Family Code provides:

"If latent fingerprints are found during the investigation of an offense, and a law-enforcement officer has reasonable cause to believe that they are those of a particular child, if otherwise authorized by law, he may fingerprint the child regardless of the age or offense for purpose of immediate comparison with the latent fingerprints * * * ".

■ All points are overruled.

In any event the evidence relative to the first alleged burglary is sufficient to support the finding of delinquency and the order committing M. E. to The Texas Youth Council.

AFFIRMED.