**In the Matter of Wilma Jean FRANKLIN, A Minor.**

**No. 9384.**

Court of Appeals of Texas, Texarkana.

Nov. 5, 1985.

Rehearing Denied Nov. 26, 1985.

Cora Meyer, Carthage, for appellant.

Mike Parker, Asst. Dist. Atty., Carthage, for appellee.

CORNELIUS, Chief Justice.

Wilma Jean Franklin appeals from a decision by the juvenile court waiving jurisdiction and transferring her case to the district court for criminal proceedings. We find that she does not present cause for disturbing the order, and affirm.

■ By her first point of error Franklin asserts that the summons served on her was invalid under Tex.Fam.Code Ann. § 54.02(b) (Vernon 1975) because it did not state that the proposed transfer was to a "criminal court."

Section 54.02(b) states:

The petition and notice requirements of Sections 53.04, 53.05, 53.06, and 53.07 of this code must be satisfied, and the summons must state that the hearing is for the purpose of considering discretionary transfer to criminal court.

The Court of Criminal Appeals has held that the summons need not expressly contain the words "to criminal court" to satisfy Section 54.02(b) if the summons expressly incorporates the attached petition by reference and the petition contains references to criminal proceedings in criminal court. *Hardesty v. State*, 659 S.W.2d 823 (Tex.Cr. App.1983). The summons in this case expressly referred to the attached petition and the petition contains references to criminal proceedings in criminal court.

■ By her second and third points of error, Franklin complains of the sufficiency of the diagnostic tests and evaluation given to her. Tex.Fam.Code Ann. § 54.02(d) (Vernon 1975) states:

Prior to the hearing, the juvenile court shall order and obtain a complete diag-nostic study, social evaluation and full investigation of the child, his circumstances, and the circumstances of the alleged offense.

Gerri Griffin of the Carthage Mental Health Center performed the diagnostic study and evaluation on Franklin. Griffin has a master's degree in psychology. As diagnostic tools she used a clinical interview, the Bender Visual Motor Gestalt test, projective drawings, house-tree-person, Rotter Incomplete Sentence Test, Wechsler Intelligence Scale for Children-Revised, and the Minnesota Multiphasic Personality Inventory. The tests and interviews were administered over a three hour period.

The term "complete diagnostic study" has never been defined. *L.M. v. State*, 618 S.W.2d 808 (Tex.Civ.App.—Houston [1st Dist.] 1981, no writ); *I.L. v. State*, 577 S.W.2d 375 (Tex.Civ.App.—Austin 1979, writ ref'd n.r.e.). Of necessity, any investigation must be one of degree, and the thoroughness of it will vary according to circumstances. *In re I.B.*, 619 S.W.2d 584 (Tex.Civ.App.—Amarillo 1981, no writ). Franklin had a full opportunity at the hearing to examine and question the findings and adequacy of the report. Griffin testified there were no other tests available that might suggest a different diagnosis not expressed in her report, and even after cross-examination remained adamant that the report was accurate. Despite the brief period Griffin spent with Franklin and the presence of a typographical error on one page of the report, under the record before us we cannot say that the trial court erred in holding that a full study and report had been made.

■ By her fourth and fifth points, Franklin argues that the petition for discretionary transfer failed to meet the requirements of Tex.Fam.Code Ann. § 53.04(d)(4) (Vernon 1975). Section 53.04(d)(4) states:

(d) The petition must state:

....

(4) if the child's parent, guardian, or custodian does not reside or cannot be found in the state, or if their places of residence are unknown, the name and

residence address of any known adult relative residing in the county or, if there is none, the name and residence address of the known adult relative residing nearest to the location of the court.

The petition stated:

The mother of said child is Kathleen Shelton and the father is unknown to the undersigned, but the step-father is James Odom, who both reside at 229 North Talon, Shreveport, Caddo Parish, Louisiana.

Kathleen actually lived in Minden, Louisiana, but was served and testified at the hearing. Franklin argues that the State should have also served Betty Shelton of Shreveport, who was Franklin's relative who lived closest to the courthouse and with whom Franklin was staying at the time. Betty Shelton also appeared at the hearing and testified. Any error in this respect would be harmless, as Betty Shelton was present at the hearing and was apprised of the conduct alleged. *M.E. v. State*, 616 S.W.2d 690 (Tex.Civ.App.—Waco 1981, no writ).

■ In her sixth point, Franklin contends that the hearing was invalid because her guardian ad litem (also her attorney) was not served. Franklin's guardian ad litem/attorney agreed to waive service, and the judge in open court announced the waiver. Tex.Fam.Code Ann. § 53.06(e) (Vernon 1975) allows anyone but the juvenile to waive service. *In re C.E.H.*, 516 S.W.2d 25 (Tex.Civ.App.—Texarkana 1974, no writ). The point is overruled.

■ Franklin also asserts that the court erred in allowing certain reports into evidence because they were hearsay. Hearsay in the form of reports is authorized by statute in discretionary transfer hearings and the allowance of it does not violate due process, as the proceeding does not determine guilt, but merely determines whether a child is to be treated as an adult. Tex. Fam.Code Ann. § 54.02(e) (Vernon 1975); *In re J.R.C.*, 551 S.W.2d 748 (Tex.Civ.App. —Texarkana 1977, writ ref'd n.r.e.); *see also, G.R.L. v. State*, 581 S.W.2d 536 (Tex. Civ.App.—Dallas 1979, no writ); *Matter of Honsaker*, 539 S.W.2d 198 (Tex.Civ.App.— Dallas 1976, writ ref'd n.r.e.).

■ By her eighth point of error, Franklin asserts the court erred in allowing an in-court identification to be made of Franklin because the witness had previously been shown a photograph of Franklin and the photograph was not included in the records. She contends this violates Tex. Fam.Code Ann. § 51.15(h) (Vernon Supp. 1985).

Section 51.15(h) states:

If, during the investigation of a criminal offense, a law enforcement officer has reason to believe that a photograph of a child taken into custody or detained as permitted under this title will assist in the identification of the offender and if not otherwise prohibited by law, the officer may photograph the face of the child. ... If the child is identified through the photograph and the child is referred to the juvenile court for the offense investigated, the photograph and its negative shall be delivered to the juvenile court for disposition....

The purpose of Section 51.15(h) in requiring the photographs to be delivered to the court is not to prevent tainted in-court identifications, but is to protect the juvenile from public scrutiny and public distribution of the photographs which could hamper rehabilitative efforts. Steele, *Texas Family Code Symposium-Title 3. Delinquent Children and Children in Need of Supervision*, 13 Tex.Tech L.Rev. 1145 (1982). Here, the witness made an in-court identification of Franklin independent of any recollection he may have retained from the photographs, and there is other sufficient evidence in the record to link Franklin to the events in question.

Finally, Franklin contends there was insufficient evidence to support the action of the court in waiving jurisdiction and transferring the case to criminal court. We have carefully reviewed all of the evidence and find it sufficient to support the court's findings.

The judgment is affirmed.