

# IN THE
# TENTH COURT OF APPEALS

### No. 10-09-00335-CR

**SCOTTIE LOUIS FORCEY,**

**Appellant**

 **v.**

**THE STATE OF TEXAS,**

**Appellee**

### From the 249th District Court
### Johnson County, Texas
### Trial Court No. F43132

## MEMORANDUM OPINION

After a hearing granting a transfer to adult court, Scottie Forcey was convicted of the offense of capital murder and sentenced to an automatic life sentence without the possibility of parole. *See* TEX. PEN. CODE ANN. § 12.31(a) (Vernon 2003). Forcey complains that the sentence imposed violates constitutional prohibitions against cruel and unusual punishment, that section 12.31(a) is unconstitutional as applied to Forcey, that the sentence of life without the possibility of parole is disproportionate punishment, that the transfer to adult court was void because the summons was

defective, and that the trial court erred by denying an instruction on duress in the jury charge. Because we find no error, we affirm the judgment of the trial court.

*Imprisonment for Life without Parole*

Forcey challenges the constitutionality of the Texas sentencing scheme requiring that he be automatically sentenced to life without parole even though he was only sixteen at the time of the offense. Forcey contends that the capital murder sentencing scheme for a juvenile tried as an adult constitutes "cruel and unusual" punishment in violation of the Eighth and Fourteenth Amendments to the United States Constitution and article I, section 13 of the Texas Constitution. U.S. CONST. amends. VIII and XIV; TEX. CONST. art. I, § 13. He further argues that section 12.31(a) is unconstitutional as applied to him and is a disproportionate punishment to the offense of capital murder.

The Eighth Amendment guarantees individuals the right not to be subjected to excessive or cruel and unusual punishment. U.S. CONST. amend. VIII. A punishment is "excessive," and therefore prohibited by the Eighth Amendment, if it is not graduated and proportioned to the offense. *Atkins v. Virginia*, 536 U.S. 304, 311, 122 S. Ct. 2242, 153 L. Ed. 2d 335 (2002) (*citing Weems v. United States*, 217 U.S. 349, 367, 30 S. Ct. 544, 54 L. Ed. 793 (1910)); *Roper*, 543 U.S. at 560. This prohibition against grossly disproportionate punishment survives under the Eighth Amendment to the United States Constitution apart from any consideration of whether the punishment assessed is within the range established by the Legislature. U.S. CONST. amend. VIII; *see Solem v. Helm*, 463 U.S. 277, 290, 103 S. Ct. 3001, 77 L. Ed. 2d 637 (1983); *Harmelin v. Michigan*, 501 U.S. 957, 111 S. Ct.

2680, 115 L. Ed. 2d 836 (1991) (Scalia, J., plurality op.); *Mullins v. State,* 208 S.W.3d 469, 470 (Tex. App.—Texarkana 2006, no pet.).

In 2005, the United States Supreme Court ruled that execution of a juvenile would be "cruel and unusual" punishment, and therefore, was unconstitutional. *Roper v. Simmons*, 543 U.S. 551, 125 S. Ct. 1183, 161 L. Ed. 2d 1 (2005). Just two days ago, the Supreme Court has also determined that a sentence of imprisonment for life without the possibility of parole for a non-homicide offense violates the same provision of the Eighth Amendment—cruel and unusual punishment. *See Graham v. Florida*, No. 08-7412, 560 U.S. _____ (May 17, 2010). Additionally, the Court of Criminal Appeals has recently granted a petition for review in order to determine whether the sentence of life without parole for a juvenile offender pursuant to section 12.31(a) is unconstitutional. *See Meadoux v. State*, No. 04-08-00702-CR, 2009 Tex. App. LEXIS 9353 at *35 (Tex. App.—San Antonio Dec. 9, 2009, *pet. granted by, In re Meadoux*, 2010 Tex. Crim. App. LEXIS 175 (Tex. Crim. App. Mar. 24, 2010)).

An excessiveness claim is judged by currently prevailing standards of decency. *Atkins*, 536 U.S. at 311-12. Proportionality review under such evolving standards of decency "should be informed by 'objective factors to the maximum possible extent.'" *Id*. at 312. The Supreme Court has stated that the "clearest and most reliable objective evidence of contemporary values is the legislation enacted by the country's legislatures." *Id*. In addition to objective evidence, the Constitution contemplates that the Supreme Court will bring its own judgment to bear "by asking whether there is reason to disagree with the judgment reached by the citizenry and its legislators." *Id*. at

313; *see Roper*, 543 U.S. at 564-578 (holding that both objective indicia of consensus, as expressed by enactments of legislatures that have addressed the issue, and the Court's own independent judgment demonstrate that the death penalty is a disproportionate punishment for juveniles).

In reviewing the constitutionality of a sentencing statute as applied to Forcey's sentence, we first engage in an initial threshold comparison of the gravity of the offense with the severity of the sentence to determine whether it leads to an inference of gross disproportionality. *Harmelin*, 501 U.S. at 1005; *see McGruder v. Puckett*, 954 F.2d 313, 316 (5th Cir. 1992); *Mullins*, 208 S.W.3d at 470. Only then do we compare the sentence at issue to the sentences imposed for similar crimes in the same jurisdiction and sentences imposed for commission of the same crime in other jurisdictions. *Harmelin*, 501 U.S. at 1005; *Solem*, 463 U.S. at 292; *McGruder*, 954 F.2d at 316; *Mullins v. State*, 208 S.W.3d 469, 470 (Tex. App.—Texarkana 2006, no pet.); *Dunn v. State*, 997 S.W.2d 885, 892 (Tex. App.—Waco 1999, pet. ref'd).

Forcey contends that the same reasoning used in *Roper* to find execution of a juvenile "cruel and unusual" should apply to a mandatory sentence of life without parole for a juvenile. *See Roper*, 543 U.S. at 569-70 (citing three reasons for declining to classify juveniles as the "worst offenders" worthy of the death penalty: (1) lack of maturity and an underdeveloped sense of responsibility; (2) susceptibility to outside pressures; and (3) the less than fully-formed nature of their characters). In *Roper*, the Supreme Court did not address the issue of the constitutionality of a life without parole sentence for a juvenile. *Id*. at 560; *but see Harmelin v. Michigan*, 501 U.S. 957, 995-96, 111

S. Ct. 2680, 115 L. Ed. 2d 836 (1991) (sentencing scheme that calls for an automatic life without parole sentence, rather than an individualized punishment determination, is not "cruel and unusual").

It is within the legislature's power to determine the ranges of punishment for criminal offenses. *See Ex parte Moser*, 602 S.W.2d 530, 533 (Tex. Crim. App. 1980) (legislature may alter or abolish the procedure whereby the jury assesses a defendant's punishment within the bounds of due process and other constitutional strictures). The Texas sentencing scheme for capital murder in effect at the time of the offense provides that upon conviction an adult offender may receive one of two possible punishments: death or life imprisonment without parole. TEX. PEN. CODE ANN. § 12.31(a); TEX. CODE CRIM. PROC. ANN. art. 37.071 §§ 1, 2 (Vernon Supp. 2009). Because a juvenile who has been certified to stand trial as an adult for capital murder may not be sentenced to death, the juvenile must be sentenced to the lesser punishment, life imprisonment without parole. TEX. PEN. CODE ANN. § 8.07(c) (Vernon 2003).

At least two Texas courts of appeal have rejected a juvenile's argument that a mandatory life sentence upon conviction for capital murder is unconstitutional based on the Supreme Court's reasoning in *Roper*; the Supreme Court has denied certiorari in one of the cases. *See Willis v. State*, No. 06-04-0172-CR, 2005 Tex. App. LEXIS 7113 (Tex. App.—Texarkana Aug. 31, 2005, no pet.) (mem. op., not designated for publication); *Thomas v. State*, No. 14-06-00066-CR, 2007 Tex. App. LEXIS 6212 (Tex. App.—Houston [14th Dist.] Aug. 7, 2007, pet. ref'd), *cert. denied*, 129 S. Ct. 51, 172 L. Ed. 2d 54 (2008) (mem. op., not designated for publication).

The Texas legislature recently amended section 12.31 of the Penal Code to restore parole eligibility for juvenile capital murder offenders who are certified as adults for trial; but the legislature chose not to make the law retroactive, specifically restricting the amendment to juvenile offenders who commit capital murder on or after September 1, 2009. *See* TEX. PEN. CODE ANN. § 12.31(a) (Vernon Supp. 2009) (providing for a mandatory life sentence, with the option of parole, for a juvenile whose case is transferred under section 54.02 of the Family Code). Given that the legislature chose not to apply the parole eligibility amendment retroactively to juveniles who have already been sentenced for a capital murder, we do not believe that it would be appropriate for this court to "judicially amend" the statute. *See* TEX. PEN. CODE ANN. § 12.31(a)(1).

We conclude that, until the Supreme Court or the Court of Criminal Appeals determines otherwise, the Texas sentencing scheme mandating life without parole for a juvenile convicted of capital murder does not constitute "cruel and unusual" punishment in violation of the federal and state constitutions on its face. *Harmelin*, 501 U.S. at 995-996.

As applied to Forcey, his sentence was not grossly disproportionate to the gravity of the offense of capital murder. Forcey was convicted of shooting a convenience store clerk in the head multiple times during the commission of a robbery. Even if the sentence was sufficient to create an inference of gross disproportionality, there is no evidence in the record that allows us to compare Forcey's sentence to the sentences imposed on other persons in Texas or on persons in other jurisdictions who

committed a similar offense. *See Jackson v. State*, 989 S.W.2d 842, 846 (Tex. App.—Texarkana 1999, no pet.) ("there is no evidence in the record reflecting sentences imposed for similar offenses on criminals in Texas or other jurisdictions by which to make a comparison"). Without such evidence, the record before us does not support Forcey's claims. *Jackson*, 989 S.W.2d at 846. We overrule issues one, two, and three.

*Defective Summons*

Forcey complains that the summons served on him was invalid under section 54.02(b) of the Family Code because it did not state that the proposed transfer was to a "criminal court." *See* TEX. FAM. CODE ANN. § 54.02(b) (Vernon 2009).

Section 54.02(b) states:

> The petition and notice requirements of Sections 53.04, 53.05, 53.06, and 53.07 of this code must be satisfied, and the summons must state that the hearing is for the purpose of considering discretionary transfer to criminal court.

*See Id*.

The Court of Criminal Appeals has held that the summons need not expressly contain the words "to criminal court" to satisfy Section 54.02(b) if the summons expressly incorporates the attached petition by reference and the petition contains references to criminal proceedings in criminal court. *Hardesty v. State*, 659 S.W.2d 823 (Tex. Crim. App. 1983). The summons in this case expressly referred to the attached petition and the petition contains references to criminal proceedings in criminal court. *See In re Franklin*, 699 S.W.2d 689, 690 (Tex. App.—Texarkana 1985, no pet.). We overrule issue four.

*Denial of Instruction*

Forcey complains that the trial court erred by denying him an instruction on the affirmative defense of duress in the charge to the jury. However, Forcey did not testify or otherwise admit to committing the offense. Forcey may only raise duress as a justification if he admitted that he engaged in the proscribed conduct as alleged in the indictment. *See* TEX. PEN. CODE ANN. §§ 2.04(c), 8.05(a) (Vernon 2003); *Anguish v. State*, 991 S.W.2d 883, 885 (Tex. App.—Houston [1st Dist.] 1999, pet. ref'd); *Bernal v. State*, 647 S.W.2d 699, 706 (Tex. App.—San Antonio 1982, no pet.); *cf. Young v. State*, 991 S.W.2d 835, 839 (Tex. Crim. App. 1999) (counsel not ineffective in failing to request necessity instruction when defendant did not admit committing the offense). Therefore, the trial court did not err by denying his requested instruction on duress. We overrule issue five.

*Conclusion*

The sentence imposed of life without the possibility of parole is not unconstitutional as it relates to Forcey, nor is it disproportionate to the offense of capital murder. The summons that was served upon Forcey was not defective. Forcey was not entitled to an instruction on the defense of duress. We affirm the judgment of the trial court.

TOM GRAY
Chief Justice

Before Chief Justice Gray,
      Justice Reyna, and
      Justice Davis
Affirmed
Opinion delivered and filed May 19, 2010
Do not publish
[CRPM]