IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-09-00335-CR

 

Scottie Louis Forcey,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 



From the 249th District Court

Johnson County, Texas

Trial Court No. F43132

 



MEMORANDUM  Opinion










 

            After a hearing granting a transfer to
adult court, Scottie Forcey was convicted of the offense of capital murder and
sentenced to an automatic life sentence without the possibility of parole.  See
Tex. Pen. Code Ann. § 12.31(a)
(Vernon 2003).  Forcey complains that the sentence imposed violates
constitutional prohibitions against cruel and unusual punishment, that section
12.31(a) is unconstitutional as applied to Forcey, that the sentence of life
without the possibility of parole is disproportionate punishment, that the
transfer to adult court was void because the summons was defective, and that
the trial court erred by denying an instruction on duress in the jury charge. 
Because we find no error, we affirm the judgment of the trial court.

Imprisonment for Life without Parole

            Forcey challenges the constitutionality of the Texas sentencing
scheme requiring that he be automatically sentenced to life without parole even
though he was only sixteen at the time of the offense.  Forcey contends that
the capital murder sentencing scheme for a juvenile tried as an adult
constitutes “cruel and unusual” punishment in violation of the Eighth and
Fourteenth Amendments to the United States Constitution and article I, section
13 of the Texas Constitution.  U.S. Const.
amends. VIII and XIV; Tex. Const.
art. I, § 13.  He further argues that section 12.31(a) is unconstitutional as
applied to him and is a disproportionate punishment to the offense of capital
murder.

The Eighth Amendment
guarantees individuals the right not to be subjected to excessive or cruel and
unusual punishment.  U.S. Const.
amend. VIII.  A punishment is “excessive,” and therefore prohibited by the
Eighth Amendment, if it is not graduated and proportioned to the offense.  Atkins
v. Virginia, 536 U.S. 304, 311, 122 S. Ct. 2242, 153 L. Ed. 2d 335 (2002) (citing
Weems v. United States, 217 U.S. 349, 367, 30 S. Ct. 544, 54 L. Ed. 793
(1910)); Roper, 543 U.S. at 560.  This prohibition against grossly
disproportionate punishment survives under the Eighth Amendment to the United
States Constitution apart from any consideration of whether the punishment
assessed is within the range established by the Legislature.  U.S. Const. amend. VIII; see Solem v. Helm,
463 U.S. 277, 290, 103 S. Ct. 3001, 77 L. Ed. 2d 637 (1983); Harmelin v.
Michigan, 501 U.S. 957, 111 S. Ct. 2680, 115 L. Ed. 2d 836 (1991) (Scalia,
J., plurality op.); Mullins v. State, 208 S.W.3d 469, 470 (Tex.
App.—Texarkana 2006, no pet.).

In 2005, the United States Supreme Court ruled
that execution of a juvenile would be “cruel and unusual” punishment, and
therefore, was unconstitutional.  Roper v. Simmons, 543 U.S. 551, 125 S. Ct. 1183, 161 L. Ed. 2d 1 (2005).  Just two days ago, the Supreme Court has also
determined that a sentence of imprisonment for life without the possibility of
parole for a non-homicide offense violates the same provision of the Eighth
Amendment—cruel and unusual punishment.  See Graham v. Florida, No.
08-7412, 560 U.S. _____ (May 17, 2010).  Additionally, the Court of Criminal
Appeals has recently granted a petition for review in order to determine
whether the sentence of life without parole for a juvenile offender pursuant to
section 12.31(a) is unconstitutional.  See Meadoux v. State, No.
04-08-00702-CR, 2009 Tex. App. LEXIS 9353 at *35 (Tex. App.—San Antonio Dec. 9,
2009, pet. granted by, In re Meadoux, 2010 Tex. Crim. App. LEXIS 175
(Tex. Crim. App. Mar. 24, 2010)).

An excessiveness claim is judged by currently
prevailing standards of decency.  Atkins, 536 U.S. at 311-12. 
Proportionality review under such evolving standards of decency “should be
informed by ‘objective factors to the maximum possible extent.’”  Id. at 312.  The Supreme Court has stated that the “clearest and most reliable
objective evidence of contemporary values is the legislation enacted by the country’s
legislatures.”  Id.  In addition to objective evidence, the
Constitution contemplates that the Supreme Court will bring its own
judgment to bear “by asking whether there is reason to disagree with the
judgment reached by the citizenry and its legislators.”  Id. at 313; see
Roper, 543 U.S. at 564-578 (holding that both objective indicia of
consensus, as expressed by enactments of legislatures that have addressed the
issue, and the Court's own independent judgment demonstrate that the death
penalty is a disproportionate punishment for juveniles).  

In reviewing the constitutionality of a sentencing
statute as applied to Forcey’s sentence, we first engage in an initial
threshold comparison of the gravity of the offense with the severity of the
sentence to determine whether it leads to an inference of gross
disproportionality.  Harmelin, 501 U.S. at 1005; see McGruder v.
Puckett, 954 F.2d 313, 316 (5th Cir. 1992); Mullins, 208 S.W.3d at
470.  Only then do we compare the sentence at issue to the sentences imposed
for similar crimes in the same jurisdiction and sentences imposed for
commission of the same crime in other jurisdictions.  Harmelin, 501 U.S. at 1005; Solem, 463 U.S. at 292; McGruder, 954 F.2d at 316; Mullins v. State,
208 S.W.3d 469, 470 (Tex. App.—Texarkana 2006, no pet.); Dunn v. State,
997 S.W.2d 885, 892 (Tex. App.—Waco 1999, pet. ref’d).

Forcey contends that the same reasoning used in Roper
to find execution of a juvenile “cruel and unusual” should apply to a mandatory
sentence of life without parole for a juvenile.  See Roper, 543 U.S. at
569-70 (citing three reasons for declining to classify juveniles as the
“worst offenders” worthy of the death penalty: (1) lack of maturity and an
underdeveloped sense of responsibility; (2) susceptibility to outside
pressures; and (3) the less than fully-formed nature of their characters).  In Roper,
the Supreme Court did not address the issue of the constitutionality of a life
without parole sentence for a juvenile.  Id. at 560; but see Harmelin
v. Michigan, 501 U.S. 957, 995-96, 111 S. Ct. 2680, 115 L. Ed. 2d 836
(1991) (sentencing scheme that calls for an automatic life without parole
sentence, rather than an individualized punishment determination, is not “cruel
and unusual”).

It is within the legislature’s power to determine
the ranges of punishment for criminal offenses.  See Ex parte Moser, 602
S.W.2d 530, 533 (Tex. Crim. App. 1980) (legislature may alter or abolish the
procedure whereby the jury assesses a defendant's punishment within the bounds
of due process and other constitutional strictures).  The
Texas sentencing scheme for capital murder in effect at the time of the offense
provides that upon conviction an adult offender may receive one of two possible
punishments: death or life imprisonment without parole.  Tex. Pen. Code Ann. § 12.31(a); Tex. Code Crim. Proc. Ann. art. 37.071
§§ 1, 2 (Vernon Supp. 2009).  Because a juvenile who has been certified to
stand trial as an adult for capital murder may not be sentenced to death, the
juvenile must be sentenced to the lesser punishment, life imprisonment without
parole.  Tex. Pen. Code Ann. §
8.07(c) (Vernon 2003).  

At least two Texas courts of appeal have rejected
a juvenile’s argument that a mandatory life sentence upon conviction for
capital murder is unconstitutional based on the Supreme Court’s reasoning in Roper;
the Supreme Court has denied certiorari in one of the cases.  See Willis v.
State, No. 06-04-0172-CR, 2005 Tex. App. LEXIS 7113 (Tex. App.—Texarkana Aug. 31, 2005, no pet.) (mem. op., not designated for publication); Thomas v.
State, No. 14-06-00066-CR, 2007 Tex. App. LEXIS 6212 (Tex. App.—Houston [14th Dist.] Aug. 7, 2007, pet. ref'd), cert. denied, 129 S. Ct. 51, 172 L.
Ed. 2d 54 (2008) (mem. op., not designated for publication).

The Texas legislature recently amended section
12.31 of the Penal Code to restore parole eligibility for juvenile capital
murder offenders who are certified as adults for trial; but the legislature
chose not to make the law retroactive, specifically restricting the amendment
to juvenile offenders who commit capital murder on or after September 1, 2009. 
See Tex. Pen. Code Ann. §
12.31(a) (Vernon Supp. 2009) (providing for a mandatory life sentence, with the
option of parole, for a juvenile whose case is transferred under section 54.02
of the Family Code).  Given that the legislature chose not to apply the parole
eligibility amendment retroactively to juveniles who have already been
sentenced for a capital murder, we do not believe that it would be appropriate
for this court to “judicially amend” the statute.  See Tex. Pen. Code Ann. § 12.31(a)(1). 

We conclude that, until the Supreme Court or the
Court of Criminal Appeals determines otherwise, the Texas sentencing scheme mandating life without parole for a juvenile convicted of capital
murder does not constitute “cruel and unusual” punishment in violation of the
federal and state constitutions on its face.  Harmelin, 501 U.S. at 995-996.  

As applied to Forcey, his sentence was not grossly
disproportionate to the gravity of the offense of capital murder.  Forcey was
convicted of shooting a convenience store clerk in the head multiple times
during the commission of a robbery.  Even if the sentence was sufficient to
create an inference of gross disproportionality, there is no evidence in the
record that allows us to compare Forcey’s sentence to the sentences imposed on
other persons in Texas or on persons in other jurisdictions who committed a
similar offense.  See Jackson v. State, 989 S.W.2d 842, 846 (Tex. App.—Texarkana 1999, no pet.) (“there is no evidence in the record reflecting
sentences imposed for similar offenses on criminals in Texas or other
jurisdictions by which to make a comparison”).  Without such evidence, the
record before us does not support Forcey’s claims.  Jackson, 989
S.W.2d at 846.  We overrule issues one, two, and three.

Defective Summons

Forcey complains that the summons served on him
was invalid under section 54.02(b) of the Family Code because it did not state
that the proposed transfer was to a “criminal court.”  See Tex. Fam. Code Ann. § 54.02(b) (Vernon
2009).

Section 54.02(b) states:

The petition and notice requirements of Sections
53.04, 53.05, 53.06, and 53.07 of this code must be satisfied, and the summons
must state that the hearing is for the purpose of considering discretionary
transfer to criminal court.

 

See
 Id.

 

The Court of Criminal Appeals has held that the summons need not expressly contain the words “to criminal
court” to satisfy Section 54.02(b) if the summons expressly incorporates
the attached petition by reference and the petition contains references to
criminal proceedings in criminal court.  Hardesty v. State, 659 S.W.2d
823 (Tex. Crim. App. 1983).  The summons in this case expressly referred to the
attached petition and the petition contains references to criminal proceedings
in criminal court.  See In re Franklin, 699 S.W.2d 689, 690 (Tex. App.—Texarkana 1985, no pet.).  We overrule issue four.

Denial of Instruction

Forcey complains that the trial court erred by
denying him an instruction on the affirmative defense of duress in the charge
to the jury.  However, Forcey did not testify or otherwise admit to committing
the offense.  Forcey may only raise duress as a justification if he admitted
that he engaged in the proscribed conduct as alleged in the indictment.  See
Tex. Pen. Code Ann. §§ 2.04(c),
8.05(a) (Vernon 2003); Anguish v. State, 991 S.W.2d 883, 885 (Tex.
App.—Houston [1st Dist.] 1999, pet. ref’d); Bernal v. State,
647 S.W.2d 699, 706 (Tex. App.—San Antonio 1982, no pet.); cf. Young v.
State, 991 S.W.2d 835, 839 (Tex. Crim. App. 1999) (counsel not ineffective
in failing to request necessity instruction when defendant did not admit
committing the offense).  Therefore, the trial court did not err by denying his
requested instruction on duress.  We overrule issue five.

Conclusion

            The sentence imposed of life without
the possibility of parole is not unconstitutional as it relates to Forcey, nor
is it disproportionate to the offense of capital murder.  The summons that was
served upon Forcey was not defective.  Forcey was not entitled to an
instruction on the defense of duress.  We affirm the judgment of the trial
court.

                                                                        TOM
GRAY

                                                                        Chief
Justice

 

Before
Chief Justice Gray,

            Justice
Reyna, and

            Justice
Davis

Affirmed

Opinion
delivered and filed May 19, 2010

Do
not publish

[CRPM]